GRIMES, Acting Chief Judge.
This is an appeal from an order denying a motion to vacate a final judgment filed pursuant to Florida Rule of Civil Procedure 1.540.
The parties were formerly husband and wife. Shortly after the wife filed her petition for dissolution, the husband moved to stay the proceedings in the hope of reconciliation and to order the parties to undergo marriage counseling. In the face of the wife’s opposition, the motion was denied. Thereafter, on July 31, 1981, the parties signed a property settlement agreement. The court entered a final judgment of dissolution on August 5, 1981, which incorporated the property settlement agreement therein. On October 8, 1981, the wife moved for an order of contempt for failure of the husband to comply with the terms of the property settlement agreement. On October 13, 1981, the husband moved to vacate the final judgment and to rescind the property settlement agreement. Following a hearing, the court declined to vacate the judgment or set aside the property settlement agreement but deferred ruling on holding the husband in contempt. The husband appeals the denial of his motion to vacate.
At the hearing the husband testified that his wife told him that if he would prove his good faith by signing a property settlement agreement, she would reconcile with him after the dissolution. The husband’s father corroborated his son’s testimony, but the wife denied making any promises. The wife told her attorney, Charles W. Ehrlich, that her husband had discharged his lawyer and was willing to sign a property settlement agreement. The husband denied firing his attorney, Christopher F. Wells, or telling his wife that he had done so. Mr. Ehrlich prepared the property settlement agreement encompassing the terms outlined to him by the wife. The husband went to Mr. Ehrlich’s office and signed the property settlement agreement in the presence of Mr. Ehrlich’s secretary. On the same day, Mr. Ehrlich mailed the husband a copy of the settlement agreement and advised him that the final hearing was scheduled for August 3, 1981. Mr. Ehrlich did not send a copy of his letter to Mr. Wells or otherwise serve a notice of the final hearing. Neither the husband nor Mr. Wells appeared at the final hearing.
The motion to vacate filed by Mr. Wells on behalf of the husband stated in part:
4. In the later part of July, 1981, hearing was scheduled on a Motion to Compel Discovery. At or near that time *1232 the undersigned attorney learned that the wife’s attorney had been dealing directly with respondent.
5. The undersigned called petitioner’s attorney because respondent informed his attorney he had already signed a Property Settlement Agreement. At that time counsel discussed the fact that the Agreement would be of no consequence in that the parties were reconciling and getting remarried. The wife insisted the Agreement be signed as a showing of good faith and to bolster her sense of pride.
6. On October 8, 1981, the undersigned wrote his client to learn if the parties had reconciled because as far as the undersigned knew the dissolution action was simply dormant.
7. Contrary to the Rules of Civil Procedure and ethical rules the wife’s attorney apparently had a Property Settlement Agreement, a Final non-jury hearing and a Final Judgment entered all without notice to the undersigned.
The husband’s contention that he was misled by his wife into signing the property settlement agreement cannot be sustained in view of the conflicting testimony on the subject. However, his argument protesting the circumstances under which the settlement agreement and the judgment of dissolution were obtained cannot be so easily dismissed. Admittedly, the husband had a right to discharge his lawyer and to thereafter represent himself. However, when Mr. Ehrlich was told by his client that her husband had discharged his lawyer, he should have at least confirmed this with Mr. Wells before preparing a property settlement agreement for execution by the husband.[1] Had Mr. Wells been properly notified of what was taking place, he could have advised the husband of the wisdom of signing the property settlement agreement.
The problem was compounded by the irregularities concerning the final hearing. While the failure to schedule the final hearing in accordance with the rules[2] might be overlooked,[3] the deficiency in notice bears on due process. Even if we accept the wife’s contention that Mr. Ehrlich’s letter to the husband constituted a notice of final hearing, the husband’s attorney of record should have been sent a copy.[4] Moreover, Mr. Wells was not furnished with a copy of the final judgment and did not even know of its existence until Mr. Ehrlich sent him a copy of the wife’s motion for contempt which was filed some two months later. Had Mr. Wells known of the final hearing, he would have been in a better position at that time to try to set aside the property settlement agreement than he was after the judgment became final.
Accordingly, we hereby vacate the final judgment and the property settlement agreement and remand the case for further proceedings.
SCHEB and LEHAN, JJ., concur.

. See Fla.Bar Code Prof.Resp. DR 7-104 which states in part:
Communicating With One of Adverse Interest
(A) During the course of his representation of a client a lawyer shall not:
(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

. Fla.R.Civ.P. 1.440. Setting Case for Trial

(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required, whether the trial is to be by a jury or not and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial.

. See Padgett v. First Fed Sav. & Loan Ass’n, 378 So.2d 58 (Fla. 1st DCA 1979).

. Fla.R.Civ.P. 1.080. Service of Pleadings and Papers

(b) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.