HUBBART, Judge.
This is an appeal from an order denying a motion to set aside a final judgment under Rule 1.540(b) of the Florida Rules of *47 Civil Procedure. The final judgment was entered upon a motion for attorney’s fees filed pursuant to Section 57.105, Florida Statutes (1983). For the reasons which follow, we affirm.
I
The relevant facts of this case are substantially undisputed. On August 12,1982, the plaintiff Niki Unlimited, Inc. [Niki] brought an action for interference with a business relationship against several defendants, including the defendant Legal Services of Greater Miami, Inc. [Legal Services]. A motion to dismiss the amended complaint was filed by the defendant Legal Services, but the motion was never noticed for a hearing and was never ruled on by the trial court; as a consequence, no answer to the said complaint was ever filed by the defendant Legal Services. On September 6, 1984, the trial court dismissed the entire action for lack of prosecution; no appeal was taken from this order.
On September 13, 1984, the defendant Legal Services filed a motion for attorney’s fees pursuant to Section 57.105 of the Florida Statutes (1983). The certificate of service for this motion indicates that Stuart E. Greenberg, the attorney of record for the plaintiff Niki, was served with this motion by hand delivery on September 13, 1984, at 129 Almería Avenue, Coral Gables, Florida. The defendant Legal Services noticed this motion for a hearing to be held on October 15, 1984; the certificate of service for this notice indicates that the notice was served on Mr. Greenberg by hand delivery on September 13, 1984, at the same address stated above. The hearing was later renoticed for December 3, 1984, in which the certificate of service to the said notice indicates that Leonard Feen [actually Fenn], 2121 Ponce de Leon Boulevard, Suite 430, Coral Gables, Florida, was served as counsel for the plaintiff Niki.
On December 3, 1984, a hearing was thereafter held by the court in which the plaintiff Niki did not appear, either personally or through counsel. The trial court received evidence and heard argument on the motion. Thereafter on December 7, 1984, the trial court entered a final judgment in favor of the defendant Legal Services in the amount of $1,500 against the plaintiff Niki as payment for reasonable attorney’s fees in defending what the trial court found to be a frivolous lawsuit brought by Niki — all under the authority of Section 57.105, Florida Statutes (1983). No motion for a default judgment was ever filed and no judgment based on a court or clerk’s default was ever entered in the case. Also, no appeal from the final judgment was ever taken.
On February 12, 1985, the plaintiff Niki filed a verified motion to set aside the final judgment pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure. The motion avers that Niki was never properly noticed for the hearing of December 3, 1984, because Leonard Fenn, the counsel served with the notice of said hearing, did not represent the plaintiff Niki — and, in fact, so informed counsel for Legal Services prior to the said hearing. It was also averred that Stuart Greenberg, at all times material hereto, was counsel of record for the plaintiff Niki, and that Mr. Greenberg was never noticed for the December 3,1984 hearing. As a consequence, it was alleged that a showing of mistake, surprise, inadvertence and excusable neglect had been made as defined by Rule 1.540(b), and therefore the final jugment should be set aside.
The defendant Legal Services, in turn, filed a verified response to the above motion. The response avers that after the first notice of hearing for October 15, 1984 was sent to Mr. Greenberg, Mr. Green-berg’s office informed counsel for Legal Services by telephone that Mr. Greenberg was no longer representing Niki as he was retiring from the practice of law, and that Leonard Fenn was now counsel for Niki. As a consequence, the matter was re-noticed for December 3, 1984, with Mr. Fenn being served with this notice. It was further averred that Mr. Greenberg was served by hand delivery at his home, with this notice — a fact supported, in part, by a *48 document submitted from a private courier service.
The trial court heard and denied the motion to vacate the final judgment, finding “no excusable neglect or other basis to reopen the tjjudgment.” The plaintiff Niki appeals.
II
The sole point raised by the plaintiff Niki before this court is that the trial court grossly abused its discretion in failing to set aside the final judgment because the record conclusively demonstrates both excusable neglect and a meritorious defense to the motion for attorney’s fees. Niki correctly argues, first, that there is generally a strong policy in favor of setting aside default judgments and, second, that in order to set aside such a judgment under Fla.R.Civ.P. 1.540(b), one must establish (1) surprise, inadvertence or excusable neglect in failing to file a responsive pleading, and (2) the presence of a meritorious defense to the action. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla.3d DCA 1981); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318, 319 (Fla. 5th DCA 1980); Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967). Based on these settled rules of law, Niki urges that a default judgment was entered below, which the trial court grossly abused its discretion in failing to set aside because (1) excusable neglect was shown in that neither the plaintiff Niki nor its counsel was ever served with a notice of hearing on the motion for attorney’s fees, and (2) Niki had a meritorious defense to the motion for attorney’s fees under Section 57.105, Florida Statutes (1983).
We reject the plaintiff Niki’s argument in its entirety because it proceeds on a fundamentally faulty premise, namely, that the final judgment sought to be set aside was entered upon a court or clerk’s default taken by the defendant Legal Services under Fla.R.Civ.P. 1.500(a), (b). Plainly, this is not the case. The motion for attorney’s fees herein was heard by the trial court on the merits, in which testimony and argument of counsel were received and a final judgment thereafter entered; no court or clerk’s default was ever taken in this case under Fla.R.Civ.P. 1.500(a), (b) for failure to file a defensive pleading. Indeed, no pleading of any kind was required to be filed by Niki in response to the motion for attorney’s fees, and no appearance by Niki, after being properly noticed, was required at the hearing on the motion for attorney’s fees. Niki apparently urges that its excusable neglect was in failing to take both of the above actions, but since neither action was legally required and no default was entered for its failure to take either action, there was no neglect on its part to be excused. Niki's entire legal analysis of this case must, therefore, fall.
If, in ..fact, Niki was not properly served with the notice of hearing on the motion for attorney’s fees, as urged, the final judgment, in our view, would be subject to collateral attack under Fla.R.Civ.P. 1.540(b), not based on excusable neglect as there was no neglect on its part to, be excused, but on the ground that the judgment was void in that Niki was denied due process thereon — namely, that it was denied notice and an opportunity to be heard on the subject motion for attorney’s fees. Gelkop v. Gelkop, 384 So.2d 195, 199 (Fla.Sd DCA 1980); Saharuni v. Saharuni, 343 So.2d 674 (Fla.2d DCA 1977); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970); 7 Moore’s Federal Practice § 60.25(2) (1979); Restatement of Judgments § 8, comment c (1942); Fla.R. Civ.P. 1.540(b)(4). Considering, then, the substance of Niki's claim to be a denial of due process point, we must reject this claim as well. As previously stated, there is evidence adduced below that the defendant Legal Services served a notice of hearing on the motion for attorney’s fees, heard *49 December 3, 1984, on Stuart Greenberg, Niki’s counsel of record at his home — along with Leonard Fenn in accord with the erroneous advice given to it by Mr. Greenberg’s office that Mr. Fenn was counsel for Niki. Notice to Mr. Greenberg, under these circumstances, was therefore proper notice to Niki as to the final hearing herein. The fact that Mr. Greenberg may have considered himself out of the ease, as he was then in the process of retiring from the practice of law, and that the defendant Legal Services was aware of this fact, cannot change this result because Mr. Green-berg was still counsel of record in the cause and had never formally withdrawn as counsel for the plaintiff Niki. The defendant Legal Services was, therefore, entitled to serve Mr. Greenberg under Fla.R.Civ.P. 1.080(b) as counsel for the plaintiff Niki.
Discovering, then, no error in the denial of the motion to vacate the final judgment herein, the order denying said motion is, in all respects,
Affirmed.
JORGENSON, J., concurs.