520 So.2d 318 (1988)
James E. BRIDGES, Appellant,
v.
Julia A. BRIDGES, Appellee.
No. 87-2505.
District Court of Appeal of Florida, Second District.
February 26, 1988.
W. Richard Thoreen, of the Law Offices of Robert E. Henshaw, Jr., Sarasota, for appellant.
Erik A. Dahlgaard, of Ginsburg, Byrd, Jones & Dahlgaard, Sarasota, for appellee.
PARKER, Judge.
James E. Bridges appeals the trial court's denial of his motion, in which he sought relief from an order requiring the direct disbursement of alimony from his military retirement income to the appellee, former wife. We reverse.
A final judgment dissolving the parties' marriage was entered on January 2, 1985. In that order, the former wife was awarded permanent periodic alimony. Based upon the parties' stipulation, a modification of the final judgment was entered on March 12, 1985, transferring exclusive possession of the marital home to the former wife until it was sold. The stipulation was signed on behalf of the husband by attorney Robert B. Bennett, Jr., who represented husband during the parties' divorce. The record discloses a contract for the sale of the marital home, which was signed by Bennett on behalf of former husband on or about June 18, 1985.
*319 On July 5, 1985, former wife filed a motion for direct disbursement of alimony, which was hand delivered to Bennett's office. By the motion, she sought an order directing the Air Force to disburse the alimony from her former husband's retirement pay. A hearing on the motion was scheduled for August 14, 1985, and notice of the hearing was mailed to Bennett on July 8, 1985.
In a letter dated July 9, 1985, to the trial court, Bennett enclosed a motion to withdraw as the attorney for former husband. As grounds for the motion, Bennett stated that he had not been retained or authorized to further represent the husband, and that he was unaware of former husband's whereabouts. Former wife responded, objecting to the entry of an order relieving Bennett as the attorney of record for former husband. Bennett participated on behalf of former husband at the hearing on wife's motion for direct disbursement. The trial court entered an order commanding direct disbursement, and then granted Bennett's motion to withdraw. Former husband filed a motion for relief from the disbursement order, which was denied. The denial of the motion for relief is the subject of this appeal.
The only issue which we find merits discussion centers around the lack of notice to former husband of the hearing on the motion for direct disbursement. Rule 1.080(b), Florida Rules of Civil Procedure, authorizes service of notice upon the attorney of record in a pending action until such time as counsel withdraws as the attorney for the parties pursuant to rule 2.060(i), Florida Rules of Judicial Administration. The critical words here are "pending action," since the dissolution action was no longer pending at the time the hearing on former wife's motion for direct disbursement was noticed, i.e., the time for filing an appeal of the dissolution decree had expired. But see Niki Unlimited v. Legal Services of Greater Miami, 483 So.2d 46 (Fla. 3rd DCA 1986) (citing Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982)). Therefore, rule 1.080(b) did not apply to invest service of notice on Bennett. Id.
Here, notice to Bennett did not result in former husband actually receiving notice of the hearing on former wife's motion. Furthermore, Bennett disclaimed continued representation of former husband immediately upon obtaining notice of the hearing. Under the present circumstances, we cannot conclude that service of notice to Bennett provided adequate or proper notice to former husband. Ginsberg v. Ginsberg, 122 So.2d 30 (Fla. 3d DCA 1960); Hernandez v. Hernandez, 478 So.2d 458 (Fla. 3d DCA 1985).
Reversed and remanded, without prejudice to the former wife to renew her motion upon proper notice.
LEHAN, A.C.J., and THREADGILL, J., concur.