PER CURIAM.
Petitioners William and Maricarmen Suarez petition for a writ of certiorari to quash an order of the lower court denying their Motion to Compel Discovery in Aid of Execution and denying their ore tenus request to require former defense counsel to provide the Respondent Hillcrest Development of South Florida, Inc’s last known address and telephone number.
Petitioners are the plaintiffs in an action for damages filed in the circuit court for Miami-Dade County, Florida. Hillcrest, a Florida corporation, is the defendant.
Hillcrest was created in September 1990. Its shareholders are residents of Argentina, as are the officers, directors, and registered agent. All of these individuals reside in Argentina at an address unknown to petitioners. The registered office formerly kept by Hillcrest in Miami-Dade County, Florida is closed. In addition, the corporation was administratively dissolved in August 1996.
Petitioners’ case against Hillcrest has been pending since 1993. A final judgment was entered on February 10, 1999, awarding petitioners the principal sum of $442,477.00, together with interest in the sum of $17,335.89. The judgment has not been fully paid. The law firm of Hollander and Bartelstone, P.A. (Hollander) represented Hillcrest in the lower court ease.
On April 22, 1999, pursuant to Rule 1.560, Florida Rules of Civil Procedure, petitioners served a Request for Production in Aid of Execution on Hollander. No objection or responses were filed in response to the request. However, petitioners were told by Hollander that Hillcrest was advised of the service of the request at an address that was unknown to petitioners. Petitioners then moved the lower court to order Hillcrest to comply with discovery when Hillcrest failed to produce any documents in response to the Request for Production in Aid of Execution.
A response to the Request for Production was filed by Hollander on May 24, 1999, stating that Hollander had discharged its duties and ceased being counsel with the entry of the final judgment on behalf of petitioners. A hearing was held on the Motion to Compel Discovery. The lower court denied the motion on the basis that Hollander had no further authority to continue representing Hillcrest or to act on Hillcrest’s behalf since Hollander had concluded its representation of Hillcrest. Petitioners then made an ore tenus motion to the court, requesting that the court compel Hollander to provide the last *425 known address and telephone number of Hillcrest. The court denied the request.
We deny the petition for writ of certiorari with respect to that part of the trial court’s order denying petitioner’s Motion to Compel discovery, because we do not believe the lower court departed from the essential requirements of the law in so ruling. Petitioners claim that because Hollander never formally withdrew from the lower court case, they continued to represent Hillcrest. However, it is clear that when the April 22, 1999 Request for Production in Aid of Execution was served on Hollander, Hollander was no longer counsel for Hillcrest. Papers may be served on a party’s attorney where the case is pending or not yet concluded. See Bussey v. Legislative Auditing Committee, 298 So.2d 219 (Fla. 1st DCA 1974), and Fla.R.Civ.P. 1.080(b). A case is pending through and up to the date when the time for taking an appeal from the Final Judgment or Dismissal has expired. See Bridges v. Bridges, 520 So.2d 318 (Fla. 2d DCA 1988).
Hollander was not required to file a motion to withdraw. This would only have been necessary had the post-judgment Request for Production in Aid of Execution been served within 30 days of the February 10, 1999 final judgment. Thus, Hollander’s services were concluded when the final judgment was entered and no appeal was taken. Accordingly, Hollander did not represent Hillcrest and was not authorized to receive or respond on behalf of Hillcrest or participate in any post-judgment proceedings. The lower court did not depart from the essential requirements of law in denying petitioner’s motion to compel discovery.
However, as concerns petitioners’ motion to compel Hollander to produce the last known address and telephone number of Hillcrest, we find that the lower court did depart from the essential requirements of law. We adhere to our decision in Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A. v. Bolton, 706 So.2d 97 (Fla. 3d DCA 1998), in holding that a law firm previously retained by a judgment debtor can be compelled to disclose information sought by a judgment creditor that could lead to the whereabouts of the judgment debtor. In a situation such as this, the attorney-client privilege does not apply to facts of the identity of the client, such as the client’s address. Cf. Mercado v. Parent, 421 So.2d 740 (Fla. 4th DCA 1982).
The petition for writ of certiorari with respect to petitioners’ ore tenus motion to compel the disclosure of Hillcrest’s last known address and telephone number is granted, that portion of the lower court’s order which denies same is quashed, and the case is remanded to the lower court with instructions to order Hollander to provide petitioners with Hillcrest’s last known address and telephone number. The petition for writ of certiorari with respect to petitioners’ motion to compel discovery is denied.