787 So.2d 256 (2001)
Rosemarie Dinardi GULLIVER, etc. et al., Appellant,
v.
TEXAS COMMERCE BANK, National Association, Appellee.
No. 5D00-2113.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
Daniel P. Rock, New Port Richey, for Appellant.
Sandra H.W. Hankin and Avi J. Litwin, of Marc A. Ben-Ezra, P.A., North Miami Beach, for Appellee.
*257 HARRIS, J.
This is a case in which bad lawyering, no lawyering and a lack of notice resulted in appellants losing their property to foreclosure. Appellants appeal the refusal of the court to give them relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Rule 1.540(b), Fla. R. Civ. P.
Appellee obtained the mortgage herein through assignment. At the time of the assignment, appellee claims, the mortgage was one month in default. Appellee notified appellants of the delinquent status of the loan by letter in September, 1997. However, appellee admits receiving (and retaining in a "suspense" account) payments subsequent to that date without notifying appellants that their payments were being accepted for deposit but not applied to the debt.
On February 4, 1998, the bank filed a complaint to foreclose on the property secured by the mortgage. It alleged under oath that no payments had been made on the account since the June 1997 payment. Appellants retained Lawyer Boncek to represent them and he answered the complaint and alleged the affirmative defense of payment of all monthly obligations up to and following the filing of the foreclosure action.
Appellee moved for summary judgment swearing that no payments had been made since the June payment. Appellants responded with their affidavit disputing this allegation and set out the payments made by them, attaching copies of several of the checks sent to appellee showing appellee's endorsement. Appellee then filed a "supplemental" affidavit admitting that while some additional payments had been made, the account was always delinquent by a month or so.[1] This affidavit reveals that many payments were received from appellants and retained by the bank in a "suspense" account. It also reveals that while appellee "attempted to contact the borrower," its calls were not returned. Therefore, instead of sending notice (as it did the default notice) by mail, it merely continued to deposit the payments made by appellants.
During this period of time, Boncek left the firm formerly representing appellants and took the file with him to south Florida. Appellee learned of this move and had contact with Boncek at his new office. However, when appellee filed its notice of the summary judgment hearing, it sent notice to Boncek at "an old address." When notified that the notice should be sent to Boncek's new address, appellee responded by sending a copy of the notice directly to appellants. No one appeared for appellants in proceedings regarding the motion for summary judgment. And there is no indication in the record that a copy of the final summary judgment or the notice setting the sale date were provided to appellants. A copy of the judgment was sent to Boncek's "old address", but it is uncertain whether the "Notice of Foreclosure Sale" was sent with the judgment.[2]
*258 The lack of notice is fatal in this case. The mere fact that a copy of a notice of hearing is sent to a represented client does not relieve the adverse party from notifying counsel of the hearing. A represented party rarely attends a hearing on summary judgment. Therefore, notice to the client is not an acceptable substitute for the required notice to opposing counsel.
Even without the notice problem, this case simply was not ripe for summary judgment. The court denied relief apparently for two interrelated reasons. First, there was no showing of a meritorious defense; two, the evidence presented (some of the alleged payments were not evidenced by copies of the checks) convinced the court that there existed a deficiency in the account justifying foreclosure. The judge overlooked the meritorious defense pleaded and asserted by affidavit at the time of the hearing on summary judgment. Having made all payments of the monthly obligations is a meritorious defense. The sworn testimony (affidavit) before the judge at the time of the hearing was "[t]he defendants ... have made all payments and are NOT in default of the terms and conditions of the note and mortgage herein." The fact that copies of only some of the checks were attached to the affidavit does not defeat the factual issue of payment raised herein. Obviously appellants' sworn statement that they were not in default conflicts with the initial sworn statement of appellee's witness that no payment had been made since June 1997 and with appellee's supplemental affidavit that although it indeed received additional payments, a default still existed. Disputed facts are not to be resolved by summary judgment. Had appellants' attorney been notified of the hearing and attended, he might well have pointed this out to the court. Further, since the court improperly decided to weigh the evidence at this summary judgment hearing, had appellants' counsel been present he might have brought copies of the missing checks and money orders with him. Because we find that the trial court abused it discretion in not granting relief in this matter, we reverse the summary judgment.
REVERSED.
THOMPSON, C.J., concurs.
PALMER, J., concurs specially, with opinion.
PALMER, J., concurring specially.
Although I agree with the majority that the trial court erred in denying appellant's motion for relief from judgment, I do not agree that the lack of notice is fatal to the case. Rather, in my view, what mandates reversal is that, in denying appellant's motion, the trial court improperly considered appellee's untimely filed supplemental affidavit.
With regard to the notice issue, the original appearance on behalf of appellant was made by "Law Offices of Dale L. Burnstein By Attorney Edward Boncek, Esq." No substitution of counsel or change of address was filed with the trial court at any time prior to the entry of its final summary judgment. As a result, the law office of record received notice of the summary *259 judgment hearing. Accordingly, relief from judgment was not warranted on the notice issue.
The fatal flaw mandating reversal emanates from the trial court's decision to enter summary judgment based upon information set forth in appellee's supplemental affidavit, filed five days before the summary judgment hearing. Although Florida Rule of Civil Procedure 1.510(e) states that the trial court "may permit affidavits to be supplemented" by further affidavits, the rule does not set forth a time frame or procedure for doing so. In Marlar v. Quincy State Bank, 463 So.2d 1233 (Fla. 1st DCA 1985), the First District held that "under the rule a movant may file supplemental affidavits less than twenty days prior to the summary judgment hearing only upon written stipulation and agreement by the adverse party affected or upon leave of court granted by written order after written application, notice to the adverse party, and the opportunity for hearing." Id. at 1234 (emphasis added). This construction of the phrase "may permit supplemental affidavits" properly advances the policy that a party opposing summary judgement must be given adequate time to respond. See Nelson v. Balkany, 620 So.2d 1138 (Fla. 3d DCA 1993); Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719 (Fla. 4th DCA 1978). Here, the trial court's consideration of the appellee's supplemental affidavit was improper because no written stipulation was submitted, and no leave of court was granted by written order after written application. Accordingly, the trial court erred in denying appellant's motion for relief from judgment.
NOTES
[1] We agree with the concurring opinion that the supplemental affidavit filed shortly before the hearing should not have been considered. It is not clear, however, whether that affidavit was material in the court's decision. It is true that the court referred to the supplemental affidavit in stating that even if appellants' affidavit were taken as true, still payments were missed based on appellants' attachments. But the failure of appellant to attach proof of all their claimed payments was sufficiently clear from the record without the supplemental affidavit.
[2] The concurring opinion concludes that since Boncek responded on behalf of his law firm, it was the law firm and not Boncek which was counsel of record and that unless there was a substitution of counsel properly filed then notice to the firm would be sufficient even if plaintiff's lawyer knew that Boncek had gone on his own and taken the client with him. Fla. R. Civ. P. 1.080(b) requires that service be made to the attorney's "last known address." In this case, there is no question that plaintiff's counsel knew that the law firm no longer represented the client and had actually had contact with Boncek's office at his new location.