NORTHCUTT, Judge.
Thomas Michael Smith appeals a post-dissolution judgment ¿warding attorney’s fees and costs to his former wife, Gail Elizabeth Dawson Smith, n/k/a Gail Elizabeth Dawson. We reverse because the amended motion for attorney’s fees and the notice of hearing were not served upon Smith’s attorneys of record.
Florida Rule of Civil Procedure I.080(b) requires service upon the attorney of record in a pending action. See Bridges v. Bridges, 520 So.2d 318 (Fla. 2d DCA 1988). Smith argues, and the record shows, that the amended motion for attorney’s fees and the notice of hearing were not served upon his attorneys of record, Bruce Kaplan and Brian Bursa. Dawson contends that Kaplan and Bursa were no longer representing Smith, but there is no record support for this assertion. Florida Rule of Judicial Administration 2.060(i)(l) requires court approval before an attorney is permitted to withdraw from a continuing action. Furthermore, an action is pending until the time for filing an appeal has expired, see Suarez v. Hillcrest Dev. of S. Fla., Inc., 742 So.2d 423, 425 (Fla. 3d DCA 1999) (citing Bridges); see also Fla. R. Jud. Admin. 2.060(i)(3). The fee motion in this case was filed only twenty-five days after the final judgment of dissolution was rendered, before the appellate window had closed. See Fla. R.App. P. 9.110(b). Therefore, the action was still pending, *786 and Dawson was required to serve notice on Smith’s attorneys of record. The lack of notice requires reversal. See Hanley v. Hanley, 426 So.2d 1230 (Fla. 2d DCA 1983) (vacating property settlement and final judgment of dissolution when notice was not served on husband’s attorney).
The circuit court awarded the fees against Smith and his three conservators, jointly and severally. We note that there is no indication this judgment was imposed against the conservators individually. Rather, it appears to have been imposed against them in their official capacity. The conservators in their official capacity signed Smith’s pleadings and financial affidavit and they appeared at the final hearing, thus submitting themselves in their official capacity to the court’s jurisdiction. See Fid.-Philadelphia Trust Co. v. Ball, 208 So.2d 282, 285 (Fla. 3d DCA 1968) (holding that counterclaim could only be brought against trustees in their official capacity, which is how they appeared in the action, and could not be brought against trustees in their individual capacity; “The fact that the appellant[s] have submitted themselves as trustees to the jurisdiction of the Florida courts does not amount to a submission of themselves to the jurisdiction of the court for the purpose of adjudicating claims against them personally.”).
Also, Smith correctly argues, and Dawson concedes, that the circuit court erred in awarding interest at the rate of eleven percent rather than nine percent. Because we are reversing the fee judgment, this issue is moot.
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.