On Motion to Clarify

PER CURIAM.
We grant Miami-Dade County’s Motion to Clarify, withdraw this court’s previous opinion dated June 28, 2006, and issue this opinion in its stead.
SunTrust Bank held a first mortgage on property owned by the appellee, Robert Cribbs (“Cribbs”), and filed a Mortgage Foreclosure Complaint against Cribbs and various other defendants. Among the other defendants was the appellant, The Dade County Board of County Commissioners, and Metro-Miami Action Plan, as agent and instrument of Miami-Dade County (the “County”), which held a second mort *1216 gage on Cribbs’ property. The County filed an Answer to the Complaint, which was signed by an Assistant County Attorney for the Miami-Dade County Attorney, Suite 2810, Stephen P. Clark Center, 111 N.W. First St. After the sale of the property and the disbursement of funds to SunTrust, there were surplus funds in the amount of $48,587.27. Cribbs subsequently hired an attorney, Andre Rouviere, to recover the surplus funds.
Rouviere filed a Motion to Disburse Surplus Funds to Defendant Robert L. Cribbs and sought the disbursement of the funds into his trust account. The Motion was noticed for hearing. The Motion and notice were sent to, among others, The Dade County Board of County Commissioners, at 111 N.W. First St., and the Metro-Miami Action Plan, at 111 N.W. First St., 2nd Floor. It is undisputed that notice was not mailed to the County Attorney. The trial court held a hearing on the Motion on March 23, 2004. The County Attorney did not attend the hearing. The court disbursed the funds to Cribbs, and ordered the funds paid to Rouviere’s trust account. Rouviere disbursed the funds to his client who has since left the area.
The County, on May 14, 2004, filed a Motion to Set Aside Order of Disbursement of Funds and for Sanctions. At the hearings on the Motion, the County argued that it was never noticed for an evidentiary hearing to determine priority to the funds because the notice was sent to the Board of County Commissioners at the Dade County Building and not to the County Attorney. The County argued that the service error was compounded by the fact that Rouviere did not determine whether there was another mortgage, and that this was fraud on the court. Rouviere admitted that he did not know about the second mortgage and if he had, he would not have made the claim. The County sought a judgment against Rouviere for the amount of money disbursed, in addition to a judgment against Cribbs.
Ultimately, the judge determined that because Rouviere sent the notice to the wrong place, “it is a mistake,”[1] and entered an Order Denying the County’s Motion to Set Aside Order of Disbursement of Funds and for Sanctions. The County appeals from the Order. We reverse because the Motion to Disburse Funds and notice of the hearing on the Motion were not served upon the County’s attorney of record.
Florida Rule of Civil Procedure 1.080(b) states, in relevant part, that “[w]hen service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.” Accordingly, in any pending action, the Rule requires service upon the attorney of record, and failure to serve the attorney may justify reversal for lack of notice. Smith v. Dawson, 880 So.2d 784 (Fla. 2d DCA 2004). In Smith, the husband appealed from a postdissolution judgment, awarding attorney’s fees and costs to his former wife, arguing that the amended motion for fees and the notice of hearing were not served upon his attorneys of record. In concluding that the lack of notice required reversal of the fee judgment, the Second District reasoned that because the action was still pending when the motion *1217 was filed, Rule 1.080(b) required the wife to serve notice on her husband’s attorneys of record, despite her claim that the attorneys were no longer representing her husband. Smith, 880 So.2d at 786; see also Hanley v. Hanley, 426 So.2d 1230, 1232 (Fla. 2d DCA 1983)(vacating property settlement agreement and final judgment of dissolution where husband’s attorney was not served "with notice of final hearing pursuant to Rule 1.080; “deficiency in notice bears on due process”).
Moreover, service on the party’s attorney of record is required even when the party is served. For example, in Gulliver v. Texas Commerce Bank, 787 So.2d 256 (Fla. 5th DCA 2001), the appellants appealed the trial court’s refusal to grant relief from a final summary judgment. In that case, the appellee sent notice of the summary judgment hearing directly to the appellants, instead of to the appellants’ attorney. No one appeared at the hearing on behalf of the appellants and the court entered final summary judgment. The Fifth District found that
[t]he lack of notice is fatal in this case. The mere fact that a copy of a notice of hearing is sent to a represented client does not relieve the adverse party from notifying counsel of the hearing .... Therefore, notice to the client is not an acceptable substitute for the required notice to opposing counsel.
Gulliver, 787 So.2d at 258.
In the present case, as the trial court found below, and which was admitted to by Mr. Rouviere, the Motion and notice were not served upon the County’s attorney of record although they were apparently sent to the two County parties. This “mistake” of failing to give notice to the County’s attorney prevented the County from having its day in court, and denied the County the opportunity to prove that it had an interest superior to that of Cribbs in the surplus proceeds. Pursuant to Rule 1.080(b) and the above cases, the trial court therefore improperly denied the County’s Motion to Set Aside the Order of Disbursement. Accordingly, the Order Denying the County’s Motion to Set Aside Order of Disbursement of Funds is reversed and the cause remanded to the trial court for it to vacate the Order of Disbursement and order both Robert Cribbs and Andre Rouviere to repay the amount of the surplus funds into the registry of the court, failing which judgment shall be entered against them both jointly and severally for any sums not reimbursed.
Reversed and remanded.

. Below, and before this Court, Rouviere did not dispute that he failed to send notice of the hearing to the County’s attorney of record. He simply explained to the trial court that his secretary mistakenly omitted the County's attorney's name and address from the service list. He also admitted below that he was not aware of the County's interest (although the County was a named defendant in the suit and filed an answer).