# Third District Court of Appeal

## State of Florida

Opinion filed March 7, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-387
Lower Tribunal No. 12-46912

————————————

**Ezequiel and Raquel Muhtar,**
Appellants,

vs.

**Wilmington Savings Fund Society, FSB, etc., successor in interest to Bank of America, N.A., and New Day Miami, LLC,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Claudio R. Cedrez Pellegrino, for appellants.

Storey Law Group, P.A., and Christian J. Gendreau (Orlando); Burr & Forman LLP and Jacqueline Simms-Petredis and Adam J. Knight (Tampa), for appellee Wilmington Savings Fund Society, FSB; Richard L. Barbara, for appellee New Day Miami, LLC.

Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Ezequiel and Raquel Muhtar appeal two orders: an order denying their second amended motion to vacate a final judgment of foreclosure and to cancel sale; and an order amending the final judgment to correct a scrivener's error.

Upon consideration of appellee Wilmington Savings' proper concession of error, and our independent review, we reverse the order denying the Muhtars' motion to vacate the final judgment of foreclosure and remand with instructions to enter an order vacating the final judgment and the certificates of sale and title.[1] See Miami-Dade Cty. v. Cribbs, 937 So. 2d 1215, 1217 (Fla. 3d DCA 2006) (holding "notice to the client is not an acceptable substitute for the required notice to opposing counsel" (quoting Gulliver v. Texas Commerce Bank, 787 So. 2d 256, 258 (Fla. 5th DCA 2001))). See also Fla. R. Jud. Admin. 2.505(e) (providing in pertinent part: "An attorney may appear in a proceeding in any of the following ways: (1) By serving and filing, on behalf of a party, the party's first pleading or paper in the proceeding.")

We take this moment, however, to acknowledge the law firm of Burr & Forman, LLP, and its attorneys, Jacqueline Simms-Petredis, Esquire and Adam J. Knight, Esquire for the concession of error they filed. The firm entered this appeal late in the game, on behalf of Wilmington Savings Fund Society, FSB, a successor in interest to the original appellee (and plaintiff below), Bank of America.[2] By the

---

[1] See American Banker's Life Assur. Co. of Fla. v. Williams, Salomon, Kanner & Damian, 399 So. 2d 365 (Fla. 3d DCA 1981).

time Burr & Forman filed its notice of appearance on behalf of Wilmington Savings, the answer brief had already been filed and served by counsel for the predecessor in interest, Bank of America, and the Muhtars' reply brief had also been filed and served.[3]

Wilmington Savings' attorneys could simply have permitted the appeal to proceed in due course, resting mutely upon the brief already filed, and arguments already advanced, by predecessor counsel. They did not. Instead, after reviewing the briefs, the issues on appeal and the case law, they determined that the arguments advanced for affirmance could not be supported and that reversal was warranted, thus leading to their filing of the concession of error. Such candor and professionalism is not only to be encouraged, but recognized as well.

The order denying the Muhtars' motion to vacate final judgment of foreclosure is reversed and remanded with instructions to enter an order vacating the final judgment and the certificates of title and sale, and for further proceedings consistent with this opinion.[4]

---

[2] As indicated in their notice of appearance, the full description of the successor in interest is: Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-12TT, successor in interest to Bank of America, N.A.

[3] Appellee New Day Miami, LLC (the third-party purchaser at the foreclosure sale) also participated in this appeal and filed an answer brief. New Day Miami also filed a response in opposition to Wilmington Savings' concession of error.

[4] Because this opinion directs the trial court to vacate the final judgment, we dismiss as moot the Muhtars' appeal of the order amending the final judgment to correct scrivener's error.