DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DEBORAH A. WOODWARD,

Appellant,

v.

RUSSELL W. WOODWARD,

Appellee.

No. 2D2023-0529

_____

January 22, 2025

Appeal from the Circuit Court for Hillsborough County; Lindsay M. Alvarez, Judge.

Deborah M. Schmitt and Theodore J. Rechel of Rechel & Associates, P.A., Tampa, for Appellant.

Mark F. Baseman of Felix, Felix & Baseman, Tampa, for Appellee.

BLACK, Judge.

The former wife, Deborah A. Woodward, appeals from the final judgment dissolving her marriage to the former husband, Russell W. Woodward. The former wife challenges the trial court's award of permanent alimony to the former husband under section 61.08, Florida Statutes (2023), as well as the trial court's other determinations related

to alimony, including calculations of need and ability to pay, consideration of the former husband's inherited property, and consideration of the former husband's adultery. We reverse the final judgment insofar as it awarded alimony and remand for further proceedings consistent with this opinion. We affirm in all other respects.

The final judgment of dissolution was rendered February 17, 2023, and as requested by the former husband in the petition for dissolution, the trial court awarded the former husband permanent alimony. The parties had been married for twenty-four years at the time the petition was filed. At the final hearing, the trial court heard testimony concerning the parties' respective incomes and living situations, as well as testimony concerning the former husband's adultery.

In her first issue on appeal, the former wife argues that the elimination of permanent alimony from section 61.08, effective July 1, 2023, requires reversal in part of the final judgment because the amended statute is applicable to initial petitions for dissolution of marriage pending on July 1, 2023, and the initial petition for dissolution remains pending in this case. We agree.

Section 61.08 was significantly amended, effective July 1, 2023. *See* ch. 2023-315, § 1, Laws of Fla. One of the changes to the statute was the elimination of permanent alimony. *See id.* And critical to this appeal, section 61.08(11) was added: "The court shall apply this section to all initial petitions for dissolution of marriage or support unconnected with dissolution of marriage pending or filed on or after July 1, 2023."

The issue presented by the former wife is a question of law subject to de novo review. *See Smith v. Smith*, 224 So. 3d 740, 745 (Fla. 2017). The language of the statute plainly requires that it be applied to "all initial petitions for dissolution of marriage . . . pending . . . on or after

2

July 1, 2023." § 61.08(11). Thus the question is whether the petition in this case was pending on July 1, 2023, where the final judgment was rendered in February 2023 and the former wife timely filed her appeal.

"The general rule is that an action remains pending in the trial court until after a final judgment and such time as an appeal is taken or time for an appeal expires. If an appeal is taken, the action is still pending until final disposition." *Wilson v. Clark*, 414 So. 2d 526, 530 (Fla. 1st DCA 1982) (first citing *S. Title Rsch. Co. v. King*, 186 So. 2d 539, 544-45 (Fla. 4th DCA 1966); and then citing *State v. Canfield*, 23 So. 591, 596 (Fla. 1898)). The *Wilson* court went on to state:

> By virtue of the fact that this opinion is being rendered based on a timely appeal, it is fair to say that the action appellee professes to have become terminated or extinguished by virtue of the lower court's final judgment is still very much alive. In essence an action continues to have life until there is a final determination on an appeal.

414 So. 2d at 530 (citing 1 Fla. Jur. 2d *Actions* § 35 (1977)); *see also Canfield*, 23 So. at 596 ("[A] cause carried to judgment in a court of first instance cannot be said to have reached its finality under a judicial system that provides a still higher court with jurisdiction to review and reverse such judgment; and that for the purposes of such a revision and review it is a cause still pending in the court of first instance, even though such final judgment has passed therein as that court has power to award."); *Smith v. Dawson*, 880 So. 2d 784, 785 (Fla. 2d DCA 2004) ("[A]n action is pending until the time for filing an appeal has expired."). This is so because "an appeal is not the commencement of a new action but a continuation of the original action." *S. Title Rsch. Co.*, 186 So. 2d at 544-45 (citing *Canfield*, 23 So. at 594).

3

The statute as amended July 1, 2023, plainly applies to this case such that the final judgment must be reversed insofar as to require the trial court to reconsider the former husband's request for alimony in light of the legislature's elimination of permanent alimony.

Because they may impact the proceedings on remand, we briefly address the remaining issues raised by the former wife.

An alimony award "cannot exceed what the recipient spouse actually needs, irrespective of the other spouse's ability to pay." *Pflanz v. Pflanz*, 332 So. 3d 1044, 1049 (Fla. 1st DCA 2021). And "an award of alimony that exceeds the recipient spouse's need constitutes an abuse of discretion." *Lin v. Lin*, 37 So. 3d 941, 942 (Fla. 2d DCA 2010). Here, under any calculation the former husband's proven need is less than the $1,750 per month in alimony awarded. On remand, the court should revisit the former husband's need. In so doing, it should also consider the issue of the former husband's inheritance from his grandmother. *See Brock v. Brock*, 690 So. 2d 737, 742 (Fla. 5th DCA 1997).

Similarly, the court should revisit the former wife's ability to pay. The trial court used the former wife's gross income to calculate her ability to pay. The court calculated $15,116 as the former wife's monthly net income when, in fact, using the numbers agreed to by the parties, that is the former wife's monthly gross income.[1] "Basing an alimony award on gross income rather than net income is reversible error." *Parker v. Parker*, 378 So. 3d 681, 682 (Fla. 2d DCA 2024) (quoting *Adams v. Adams*, 340 So. 3d 551, 556 (Fla. 2d DCA 2022)).

---

[1] Further, the former husband's expert testified that in calculating the former wife's income, the expert was unaware that certain funds were a one-time payment and not the traditional annual bonus received by the former wife.

4

Finally, on remand the court must consider the applicability of both sections 61.08(1)(a) and 61.14(1)(b), as amended effective July 1, 2023, as they relate to the former husband's request for alimony. Section 61.08(1)(a) provides that "[t]he court may consider the adultery of either spouse and any resulting economic impact in determining the amount of alimony, if any, to be awarded," and section 61.14(1)(b)1 provides that "[t]he court must reduce or terminate an award of support, maintenance, or alimony upon specific written findings by the court that a supportive relationship has existed between the obligee and a person who is not related to the obligee by consanguinity or affinity."

The final judgment of dissolution is reversed insofar as it awarded alimony. In all other respects, it is affirmed.

Affirmed in part; reversed in part; remanded with instructions.

KELLY and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.