SCHEB, Judge.
Appellant Ellis, a guarantor of a mortgage debt, was one of several defendants in a suit brought by the appellee bank to foreclose that mortgage. Included in the relief prayed for was an award of reasonable attorney’s fees as provided in the underlying contract guaranteed by appellant.
Appellee moved for summary judgment. Affidavits as to the merits were submitted by both appellant and appellee prior to the hearing on the motion, but no affidavits were submitted at or prior to the hearing on the issue of attorney’s fees. Some three months after the hearing, without obtaining leave of court, appellee submitted an affidavit on the issue of attorney’s fees and sent a copy to appellant. Thereafter a final judgment of foreclosure which included $10,000 in attorney’s fees was entered.
Appellant contends the court was without authority to assess attorney’s fees under these circumstances. We agree.
Rule 1.510(e), Fla.R.Civ.Proc., provides:
(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by deposi *546 tions, answers to interrogatories or by further affidavits.
If affidavits are to be supplemented under this rule, the approval must be clearly indicated on the record for the benefit of all parties. Kendel v. City of Miami, 281 So.2d 566 (Fla.3d DCA 1973). Although appellant was furnished a copy of appellee’s affidavit on the subject of fees, he was not obligated to dispute that affidavit since he received no indication that it would be considered by the trial court. This being the case, the court erred in awarding the fees without notice and an opportunity for appellant to be heard on the issue. Siciliano v. Hunerberg, 135 So.2d 750 (Fla.2d DCA 1961).
We have carefully examined appellant’s remaining contention that summary judgment on the merits was improperly entered, and find it to be without merit.
Accordingly, that portion of the final judgment awarding attorney’s fees is reversed and the cause is remanded for further proceedings on the subject of attorney’s fees consistent with this opinion; otherwise, the final judgment is affirmed.
HOBSON, Acting C. J., and McNULTY, J., concur.