361 So.2d 719 (1978)
COASTAL CARIBBEAN CORPORATION, Appellant,
v.
Lola RAWLINGS and Santo Riccobono, Appellees.
No. 77-672.
District Court of Appeal of Florida, Fourth District.
February 21, 1978.
*720 Roger H. Harper, Boca Raton, for appellant.
Dennis R. Long, of Farish & Farish, West Palm Beach, for appellee, Lola Rawlings.
LETTS, Judge.
This case arises from the granting of a partial summary judgment to the plaintiff, based on supporting affidavits filed only six days before the hearing. We reverse.
An unsworn complaint was filed to foreclose a mortgage. The mortgagor answered, denying any default and subsequently the plaintiff filed a motion for partial summary judgment, without accompanying affidavits, 27 days before the hearing, with a certification to opposing counsel furnished by mail on said filing date. There are many other factors involving maneuvering around between opposing counsel in this cause, but confining ourselves solely to those pertinent to this opinion, it transpired that the moving party finally did file a supporting affidavit six days before the hearing. The partial summary judgment was granted and this appeal followed.
Appellant claims that the supporting affidavit should have been filed by the moving party at least 20 days prior to the hearing, despite the fact that Rule 1.510 makes no provision as to when affidavits must be filed, except that the adverse party must file them "prior to the day of hearing." Fla.R.Civ.P. 1.510(c).
In support of his contention, appellant's only citation is to Ferris v. Nichols, 245 So.2d 660 (Fla. 4th DCA 1971), which, while not on all fours, did suggest that an affidavit in support of a summary judgment would be timely because it was filed more than 20 days prior to the hearing date. However, this dicta was considerably weakened when the same opinion went on to add that it saw no reason why the judge, in his discretion, could not permit the same affidavit to be supplemented or changed AT THE HEARING.
Nonetheless, we are persuaded that the affidavits of the moving party should, in fact, be filed in accordance with the same 20 days, provided for in the rule, concerning notice of the hearing. The reason why we think so, is best expressed by the author's comment in 31 F.S.A., Fla.R.Civ.P. pp. 55, 56 (1967):
"If in support of a motion for summary judgment, the affidavit should be filed with the motion so as to allow opposing parties time to controvert it."
While it is surprising that a holding such as we make here has not been enunciated before, we find comfort for doing so from the language of our Supreme Court under the old rule, Fla.R.Civ.P. 1.36, (which only required 10 days notice) wherein it was said:
"In all but extraordinary circumstances, affidavits, in support of the motion, if any there are, should be filed with it to allow the opponent time to controvert them. The ten day minimum time limit *721 prescribed for service is often none too long, considering the swift and dispositive character of the motion. A motion for summary judgment is calculated to save valuable trial time and thus to assist in securing speedy and inexpensive justice, but one object of the new rules of procedure is to prevent surprise, and this equally praiseworthy objective should not be overlooked." Cook v. Navy Point, Inc., 88 So.2d 532, 534 (Fla. 1956).
We do not feel that the extension of the time from 10 to 20 days under the new rule has in any way weakened the above quotation, especially where, as here, the affidavit was filed but 6 days prior to the hearing. We therefore hold, as the standard for this district, that affidavits in support of a motion for summary judgment, if any there are, shall be filed simultaneously with the motion, or at least 20 days before the hearing, in all but extraordinary circumstances. The question will be immediately asked: "What are examples of these extraordinary circumstances?" By the very definition of the word "extraordinary", we cannot answer in toto, but the unavailability of the affiant at time of filing might be one; although in this example, the gravamen of what he will swear to, when available, should be filed with the court and opposing counsel, at the same time as the motion.
We concede that an affidavit in support of a motion for summary judgment on a mortgage foreclosure will normally contain matter that opposing counsel can hardly claim surprise at. On the other hand, he may be basing his resistance to it, on the very absence of an affidavit and might, if he had known the affidavit was forthcoming, have taken other measures. The granting of a summary judgment is a drastic and sudden conclusion to a lawsuit. It is for this very reason that 20 days notice, of this kind of hearing, is required. We cannot but conclude that any affidavits with which the moving party plans to buttress his summary claim should likewise be presented within the 20 day period, unless a cogent reason for not doing so, is presented.
This cause is reversed, without prejudice to refile the motion for partial summary judgment in accordance herewith.
Appellant's next point concerns the fact that the affidavits did not comply with Fla.R.Civ.P. 1.510(e), which requires that "Sworn to or certified copies of all papers ... referred to in an affidavit shall be attached thereto or served therewith." Neither a copy of the note or the mortgage was so attached to the instant affidavit. Notwithstanding this technical defect, we find no error in this, because the affidavit swore that the copies of said note and mortgage ATTACHED TO THE COMPLAINT were true and correct copies. We agree that such copies were not served with the affidavit, but they had already been served several months before and we find no prejudice to the appellant.
REVERSED AND REMANDED.
CROSS and MOORE, JJ., concur.