LILES, WOODIE A. (Retired), Associate Judge.
We affirm the trial court’s summary final judgment in this insurance dispute on the authority of Section 627.728(4)(a), Florida Statutes:
No insurer shall fail to renew a policy unless it shall mail by registered mail or certified mail, or deliver to the named insured, at the address shown in the policy, and to the named insured’s insurance agent at his business address, at least 45 days advance notice of its intention not to renew, and the reasons for refusal to renew must accompany such notice. The requirement for mailing notice by registered mail or certified mail shall not apply to an agent that has agreed to represent exclusively one insurer or a group of insurers under common management. This subsection shall not apply:
1. If the insurer has manifested its willingness to renew; or
2. In case of nonpayment of premium. Notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other automobile liability insurance policy procured by the insured with respect to any automobile designated in both policies. * * * (emphasis supplied)
*1209 Here, the record affirmatively demonstrates that the plaintiff had procured a new automobile insurance policy from another company, State Farm Mutual Automobile Insurance Company, with an effective date of September 22, 1979. Therefore, the trial court was eminently correct in finding that the defendant insurance company was relieved of its contractual obligations under its automobile insurance policy when the insured submitted to it proof of coverage by another insurer for the date of the accident, September 23, 1979. Inasmuch as this finding is affirmatively supported by the record and has not been contested on appeal by the insured, we have no alternative but to affirm the trial court’s judgment. However, we note with disfavor the defendant insurance company’s filing of the supporting affidavit for its motion for summary judgment a mere two days before the hearing on the motion. While this Court has not yet expressly considered the issue of when supporting affidavits for motions for summary judgment are to be filed, the better weight of authority indicates that any affidavits with which the moving party plans to support his summary claim should be presented at least twenty days prior to the hearing on the motion. See Coastal Caribbean Corporation v. Rawlings, 361 So.2d 719 (Fla. 4th DCA 1978); Trawick, Florida Practice and Procedure, § 25-8, p. 367. Viewed in the circumstances of this case, however, we can only conclude that the defendant insurance company’s belated filing was harmless error. Therefore, the summary final judgment of the trial court is
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.