463 So.2d 1233 (1985)
Billy MARLAR, Appellant,
v.
The QUINCY STATE BANK, Appellee.
No. BE-16.
District Court of Appeal of Florida, First District.
February 19, 1985.
Daniel S. Dearing, of Dearing & Smith, Tallahassee, for appellant.
Blucher B. Lines, of Lines, Henson & Lines, Quincy, for appellee.
ZEHMER, Judge.
We reverse the summary judgment in favor of appellee, The Quincy State Bank, against appellant, Billy Marlar, as guarantor of payment of the secured note made by Charles G. Ryals and Kenneth A. Powell.
It is apparent that the judgment was based in material part on the affidavit of the bank's vice president, Jerry Smith, which affidavit was filed by the movant a day before the summary judgment hearing and was served on appellant's counsel at the hearing. The party moving for summary judgment must serve and file supporting affidavits with the motion at least twenty days before the hearing. Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719 (Fla. 4th DCA 1978); rule 1.510(c), Fla.R.Civ.P. The obvious purpose of the rule is to permit the adverse party to prepare and controvert the factual basis of the motion for summary judgment. Coastal Caribbean Corp. v. Rawlings, supra. It was error for the court below to rely on this affidavit in granting summary judgment.
*1234 The bank insists that the Smith affidavit was merely supplemental to other affidavits filed with the motion and, thus, was proper under rule 1.510(e). It is true that rule 1.510(e) provides that "the court may permit affidavits to be supplemented" without specifying any time limit. As the court noted in Coastal Caribbean, supra, there may well be occasions when extraordinary or cogent reasons require the court to permit affidavits to be filed by the movant less than twenty days before the hearing. But we believe, and so hold, that under the rule a movant may file supplemental affidavits less than twenty days prior to the summary judgment hearing only upon written stipulation and agreement by the adverse party affected or upon leave of court granted by written order after written application, notice to the adverse party, and the opportunity for a hearing. As in Coastal Caribbean, supra, we do not undertake to venture an opinion as to what may constitute sufficiently cogent or extraordinary reasons because in this case no such application was made prior to the summary judgment hearing. The requirement that application for leave and order thereon be in writing is prompted by the silence of the record on the dispute between appellate counsel as to whether appellant did or did not object to or agree to the filing of the subject affidavit. "If affidavits are to be supplemented under this rule, the approval must be clearly indicated on the record for the benefit of all parties." Ellis v. Barnett Bank of Lakeland, 341 So.2d 545, 546 (Fla. 2d DCA 1977).
Unlike Hart v. Colonial Penn Insurance Co., 397 So.2d 1208 (Fla. 1st DCA 1981), we cannot treat the trial court's improper reliance on the affidavit as harmless error. Appellant's answer placed the amount actually due on the note in controversy.[1] Therefore, the burden was on the bank to establish by undisputed evidence the correct amount due. It did not do this in the original affidavits filed with the motion; therefore, it is apparent that the trial court relied on the Smith affidavit.
The dispute over the amount due arose out of uncertainty regarding amounts paid to and applied by the bank in reducing the original principal amount. The bank contends that appellant failed to allege "payment" as an affirmative defense and, thus, was precluded from relying on this as a disputed issue, citing Meigs v. Lear, 191 So.2d 286 (Fla. 1st DCA 1966); Fink v. Powsner, 108 So.2d 324 (Fla. 3d DCA 1958); Wingreen Co. v. Montgomery Ward Co., 171 So.2d 408 (Fla. 3d DCA 1965). We have no quarrel with the general propositions for which these cases have been cited, but we find them inapposite in this case. Here, appellant did not contend that the guaranty was discharged by reason of full payment having been made on the note; he only questioned the amount of damages actually due on the guaranty and, thereby, placed on the bank the burden of proving that amount. The affirmative defense of payment required to be pleaded or else waived under rule 1.110(d) is in the nature of a confession and avoidance of liability. Since appellant was not seeking to avoid liability, but only disputed the amount of damages claimed, we deem the answer sufficient to place this amount in controversy for purposes of summary judgment.
We find it unnecessary to consider the other arguments made by the parties concerning whether the guaranty was conditional or unconditional, or whether appellant is relieved of liability on the basis of the bank's oral representations and contemporaneous agreements or the bank's mishandling and depletion of the security, and whether these issues have been adequately raised by the pleadings. Since this case must be remanded for further proceedings in any event, those issues may become relevant and, if not within the ambit of the existing pleadings, may become the proper subject of amended or supplemental pleadings by leave of court if appellant shows *1235 that "justice so requires." Rule 1.190(a), Fla.R.Civ.P.
REVERSED and REMANDED.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] The allegation that appellant was "without knowledge" of the amount due operates as a denial of the alleged amount. Rule 1.110(c), Fla.R.Civ.P.