541 So.2d 800 (1989)
Morris MACK, Appellant,
v.
COMMERCIAL INDUSTRIAL PARK, INC., Appellee.
No. 88-0545.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
David A. Hoines of David A. Hoines, P.A., Fort Lauderdale, for appellant.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee.
LETTS, Judge.
In support of a defendant's motion for summary judgment, which was granted, the defendant attached to the motion exhibits consisting of contracts allegedly establishing the lack of existence of a material fact. We reverse.
The problem with these exhibits was that, prior to their appearance in the motion, they were not on file, not even mentioned in the pleadings and never alluded to in any depositions or interrogatories. In fact, their appearance as exhibits to the motion was the first notification of their existence. In addition, the exhibits were not accompanied by an affidavit in support of the motion which might have authenticated them and caused them to be properly filed under Florida Rule of Civil Procedure 1.510(e).
We note that under rule 1.510(c) "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions ON FILE together with the affidavits, if any, show that there is no genuine issue as to any material fact... ." (emphasis supplied.) In our opinion the exhibits, unsupported by affidavits, or the record, were not "on file" at the time the motion was made. Furthermore, under rule 1.130(a) and the facts of this case, these exhibits ought to have been attached to the pleadings. See DeMesme v. Stephenson, 498 So.2d 673 (Fla. 1st DCA 1986).
We are not unaware that an affidavit in support of the same motion was filed twelve days before the hearing. This also was inadequate. Any such affidavit should have been filed with the motion at least twenty days before the hearing. Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719 (Fla. 4th DCA 1978).
Accordingly, the final summary judgment must be reversed. However, since a motion for summary judgment may be moved for "at any time" (rule 1.510(a)), this opinion does not preclude a re-filing of such motion if and when the necessary legal documents are before the court.
REVERSED AND REMANDED.
GLICKSTEIN and WARNER, JJ., concur.