PATTERSON, Judge.
The appellant, defendant below, challenges his summary judgment as to liability on a promissory note in favor of the appellees, plaintiffs below. The appellant asserts that the trial judge erred in granting summary judgment because material issues of fact exist in three areas: (1) whether the note was created for a “special purpose” as a capital contribution to the corporation; (2) whether there was consideration for the note; and (3) whether the note was paid in full by transfers of property out of the corporation. We determine that the trial judge ruled correctly in granting summary judgment as to liability on points one and two. On the third point, however, we must reverse the summary judgment and remand the case for further proceedings on the affirmative defense of payment.
On April 29, 1985, the appellant executed a promissory note for $75,000 in favor of the appellees. In turn, the appel-lees made out a check payable to the appellant for $75,000, which the appellant endorsed without reservation. The appellant deposited the check directly into the corporate account of Foster-Leehler, Inc. The note provided for repayment as follows:
The marker [sic] shall pay from the profits of Foster-Leehler Inc. all monies plus interest. Andrew Smith and Ronald Miles shall determine when such profits are ready to be withdrawn from the said Foster-Leehler Inc. Should Foster-Le-chler Inc. be unable to generate enough profits within the next five years to repay these monies then the marker [sic] will become liable for the whole amount then due.
*249 Should Foster-Lechler Inc. cease to exist as a trading corporation or be dissolved or liquidated for any reason the whole amount would then also become due.
At the time the note was executed, the appellees were majority shareholders and officers and directors of the corporation and were authorized to sign checks on the corporate account. The appellees had the discretion and means to cause the corporation to repay funds transferred pursuant to the note.
The corporation failed to produce “profits” sufficient to pay off the amount due under the note, and the corporation became insolvent and was involuntarily dissolved on November 14, 1986. The appellant contends, however, that the appellees caused the corporation to transfer property to them, and that the value of this property exceeded the value of the principal amount of the note.
The appellees instituted an. action on the note against the appellant as maker. The appellees moved for summary judgment and asserted that no material issue of fact existed as to the maker’s liability on the note. The trial court granted the appel-lees’ motion for summary judgment as to liability and granted the appellant leave to amend his answer to assert payment as an affirmative defense. The trial court reasoned that the affirmative defense of payment was relevant only to the issue of damages.
The appellant correctly argues that he was liable under the note only if the note went unsatisfied out of the funds of the corporation. If the appellant alleged partial payment as grounds for a setoff, then the partial payment would be relevant only to the issue of damages. The appellant, however, has raised payment in full as an affirmative defense. “The affirmative defense of payment required to be pleaded or else waived under rule 1.110(d) [Florida Buies of Civil Procedure] is in the nature of a confession and avoidance of liability.” Marlar v. Quincy State Bank, 463 So.2d 1233, 1234 (Fla. 1st DCA 1985). Thus, we reverse the summary judgment as to liability and remand the case for further proceedings on the issues of liability and damages,
Reversed and remanded,
SCHOONOVER, C.J., and HALL, J., concur.