693 So.2d 707 (1997)
Lena BIFULCO, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Appellee.
No. 95-2392.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Cynthia Barnett Hibnick of Brumer, Cohen, Logan, Kandell & Kaufman, Miami, for appellant.
Angela C. Flowers and Elizabeth M. Rodriguez of Kubicki Draper, Miami, for appellee.
BAKER, MOSES, Jr., Associate Judge.
Appellant, Lena BiFulco, Plaintiff below, appeals a final summary judgment in favor of Appellee, State Farm Mutual Automobile Insurance Company, Inc. We reverse because *708 Appellee failed to meet its burden of proving that it filed with the Department of Insurance revised decreased premium rates for its limited coverage policies as required by Florida Insurance Code Section 627.727(9), Florida Statutes.
The facts giving rise to this appeal are undisputed. On September 6, 1992, Appellant sustained personal injuries as a consequence of a motor vehicle accident. She was a passenger in her 1985 Cadillac which was insured by Colonial Penn Insurance Company. At the time of the accident, Appellant's husband was driving the 1985 Cadillac which they jointly owned. The undisputed facts also demonstrate that Appellant and her husband also owned a 1990 Chevrolet Astro van which was insured by Appellee under a separate policy of insurance. Appellant was a named insured under both policies.
As a consequence of the automobile accident, Appellant made and settled her personal injury claim against the underinsured/uninsured tortfeasor for his policy limits of $20,000.00. Thereafter, she made a claim with Appellee for the underinsured/uninsured benefits afforded under Appellee's policy on the 1990 Chevrolet Astro van. However, Appellee denied Appellant's claim and, as its basis, maintained that at the time of the accident, Appellant had non-stacking underinsured/uninsured motorist coverage. Consequently, Appellant filed suit seeking a declaratory judgment regarding her entitlement to the underinsured/uninsured benefits afforded under Appellee's policy.
Appellee filed a motion for summary judgment pursuant to Fla.R.Civ.P. 1.510. In short, Appellee contended in its motion that it had satisfied each one of the statutorily-mandated requirements of Florida's Insurance Code Section 627.727(9), Florida Statutes. More specifically, Appellee contended: (1) that it had given notice to Appellant, (2) that it had obtained from Appellant a knowing acceptance of limited coverage, and (3) that it had filed with the Department of Insurance the required revised decreased premium rates for such policies. Appellee argued further that Appellant had knowingly elected non-stacking underinsured/uninsured insurance coverage and, therefore, was not entitled to the benefits she sought in her declaratory judgment action. Appellee supported its motion by attaching various documents; however, the documents identified as exhibit "E" were not sworn to or certified in any manner whatsoever as required by Fla. R.Civ.P. 1.510(e).
Appellant, in her response to Appellee's motion for summary judgment, asserted that because Appellee had failed to comply with Florida's Insurance Code Section 627.727(9), Florida Statutes, she was entitled to benefits which she sought under Appellee's policy. What is more important, Appellant also asserted Appellee's failure to comply with the requirements of Fla.R.Civ.P. 1.510(e) in the following respects:
[N]ow, for the purpose of this hearing, counsel has not even proved that there was a rate reduction in general to various geographic areas because he has attached to his motion unverified documents. They have not been attested to by affidavit. There has been no deposition testimony with regard to them. At this point in time, they're nothing more than unverified hearsay, which cannot be considered by the Court ...
(Emphasis added)
Appellee responded to this particular argument at the hearing on the motion by merely asserting that "[W]e filed the premium rates that we filed with the State of Florida for the past eight or nine years. Plaintiffs want to hide behind it. She doesn't want to say it."
The trial court granted summary judgment in favor of Appellee. In her well-reasoned order, the learned trial judge found that Appellee met all of the requirements of section 627.727(9). She found that Appellee (1) gave Appellant notice of the limitations of non-stacking coverage, (2) explained the differences in the stacking verses non-stacking coverage, (3) advised Appellant that the coverage was an alternative to coverage without such limitation, (4) obtained a signed form from Appellant indicating she selected non-stacking coverage for the subject policy, and (5) met its burden of proving that it filed revised decreased premium rates for policies *709 with limited coverage with the Department of Insurance. As to her final conclusion, she stated that "[I]n this case, STATE FARM attached exhibits to its motion reflecting its filing of reduced premium rates with the department." (emphasis added)
We disagree only with the fifth and final conclusion of the trial judge. Merely attaching documents which are not "sworn to or certified" to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla.R.Civ.P. 1.510(e). Moreover, rule 1.510(e) by its very language[1] excludes from consideration on a motion for summary judgment, any document that is not one of the enumerated documents or is not a certified attachment to a proper affidavit. Clearly, the documents relied upon by the trial court in the instant case are not in compliance with rule 1.510, thus it was error for the trial judge to have considered and relied upon them. Therefore, we must and do reverse.
We note at the outset that a trial court, in passing upon a motion for summary judgment, is bound by the procedural strictures inherent in Fla.R.Civ.P. 1.510, in this instance rule 1.510(e), which mandates that copies of all papers or parts thereof used to support or oppose a motion for summary judgment shall be sworn to or certified. We also note at the outset that the function of summary judgment procedure is to determine if there is sufficient evidence to justify a trial upon the issues framed by the pleadings, to expedite litigation, and to obviate expense. Page v. Staley, 226 So.2d 129, 130 (Fla. 4th DCA 1969). The granting of a summary judgment, in most instances, brings a sudden and drastic conclusion to a lawsuit, thus foreclosing the litigant from the benefit of and right to a trial on the merits of his or her claim. Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719, 721 (Fla. 4th DCA 1978). It is for this very reason that caution must be exercised in the granting of summary judgment, and the procedural strictures inherent in the Florida Rules of Civil Procedure governing summary judgment must be observed. Page v. Staley, 226 So.2d 129, 132 (Fla. 4th DCA 1969). The procedural strictures are designed to protect the constitutional right of the litigant to a trial on the merits of his or her claim. They are not merely procedural niceties nor technicalities.
We stated the following in reversing a summary judgment for failure to comply with rule 1.510(e) in In re Estate of Crosley, 384 So.2d 274, 276 (Fla. 4th DCA 1980):
At first blush our holding as to the affidavit might appear somewhat technical; however, this is a classical case for the imposition of the strictures of Florida Rule of Civil Procedure 1.510(e). Had the affidavit comported with Rule 1.510(e), Jeannine might well have taken the entire estate based solely on her affidavit. In the present posture of the case Leonard is defenseless against any competent evidence Jeannine can adduce to support her claim. Thus, the trial court should be vigilant that no inadmissible proof (such as Jeannine's affidavit in its present form) and the Belgian official documents in their present form be considered.

(Emphasis added).
We also stated the following in reversing a summary judgment in Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719, 721 (Fla. 4th DCA 1978):
The granting of a summary judgment is a drastic and sudden conclusion to a lawsuit. It is for this very reason that 20 days notice, of this kind of hearing, is required. *710 We cannot but conclude that any affidavits with which the moving party plans to buttress his summary judgment claim should likewise be presented within the 20-day period, unless a cogent reason for not doing so, is presented.
This cause is reversed, without prejudice to refile the motion for partial summary judgment in accordance herewith.
Appellant's next point concerns the fact that the affidavits did not comply with Fla.R.Civ.P. 1.510(e), which requires that "Sworn to or certified copies of all papers... referred to in an affidavit shall be attached thereto or served therewith." Neither a copy of the note or the mortgage was so attached to the instant affidavit. Notwithstanding this technical defect, we find no error in this because the note and mortgage ATTACHED TO THE COMPLAINT were true and correct copies. We agree that such copies were not served with the affidavit, but they had already been served several months before and we find no prejudice to the appellant.
We also stated the following in reversing a summary judgment for failure to comply with rule 1.510(e) in Mack v. Commercial Indus. Park, Inc., 541 So.2d 800 (Fla. 4th DCA 1989):
In support of a defendant's motion for summary judgment, which was granted, the defendant attached to the motion exhibits consisting of contracts allegedly establishing the lack of existence of a material fact. We reverse.
The problem with these exhibits was that, prior to their appearance in the motion, they were not on file, not even mentioned in the pleadings, and never alluded to in any depositions or interrogatories. In fact, their appearance as exhibits to the motion was the first notification of their existence. In addition, the exhibits were not accompanied by an affidavit in support of the motion which might have authenticated them and caused them to be properly filed under Florida Rule of Civil Procedure 1.510(e). ... In our opinion the exhibits, unsupported by affidavits, or the record, were not "on file" at the time the motion was made.
* * * * * *
Accordingly, the final summary judgment must be reversed. However, since a motion for summary judgment may be moved for "at any time" (rule 1.510(a)), this opinion does not preclude a re-filing of such motion if and when the necessary legal documents are before the court.
(Emphasis added)
Turning to the case at bar, we are simply unable to find, after a careful and thorough search of the record before us, any attempt by Appellee to comply with rule 1.510(e). Moreover, Appellee's response, as noted above, to Appellant's challenge to its unverified or certified documents, amounts to little more than a concession of non-compliance. More importantly, it is unquestionably clear that the documents attached to Appellee's motion are not sworn to or certified in any manner whatsoever, nor are they in proper admissible form. They are not accompanied by any affidavit of a records custodian or other proper person attesting to their authenticity or correctness. They are, without question, unverified out-of-court writings clearly offered for the purpose of establishing compliance with the provisions of Florida's insurance code; namely, the statutorily mandated provisions of section 627.727(9). They were received without any foundation other than the representations of Appellee's counsel. In short, rule 1.510(e), by its very language, excludes any document from the record on a motion for summary judgment that is not one of the enumerated documents or is not a certified attachment to a proper affidavit. The documents in question in the case before us, standing by themselves, are insufficient to satisfy the heavy burden Appellee must meet in order to justify the granting of summary judgment in its favor.
Appellee's argument to this court that the documents were admissible as public records or as business records is equally without merit. It is well-settled that public records and reports or business records are admissible as an exception to the hearsay rule provided *711 they are authenticated by a custodian. Adams v. State, 521 So.2d 337, 338 (Fla. 4th DCA 1988) (public records are inadmissible without a proper foundation for their introduction, even when referred to at trial by public officer); Jacksonville Elec. Auth. v. Department of Revenue, 486 So.2d 1350, 1354 (Fla. 1st DCA 1986); Turk v. State, 403 So.2d 1077, 1078-79 (Fla. 1st DCA 1981); Thompson v. Citizens Nat'l Bank of Leesburg, 433 So.2d 32, 33 (Fla. 5th DCA 1983). In the case at bar, the records were not authenticated by anyone and it does not appear as though any attempt was made to lay a proper foundation for the admissibility of the documents either as public records or as business records.
We have considered the remaining issues raised by Appellant and have found them to be without merit. Since a motion for summary judgment may be moved for "at any time" (rule 1.510(a)), this opinion does not preclude a re-filing of such motion if and when Appellee is able to satisfy the procedural strictures inherent in rule 1.510(e). Mack.
Reversed and remanded.
GUNTHER, C.J. and STEVENSON, J., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.510(e) states as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
The last requirement, by its language, excludes any document from the record on a motion for summary judgment that is not one of the enumerated documents or is not a certified attachment to a proper affidavit. See Harris v. Wilson, 656 So.2d 512 (Fla. 1st DCA 1995), approved, 22 Fla. L. Weekly S137, ___ So.2d ___(Fla. March 20, 1997).