BLUE, Judge.
James T. and Dorothy B. Bush appeal the final summary judgment entered against them on the morning of trial. Because the trial court erred by granting a motion for summary judgment that was neither noticed for hearing nor pending before the court, we reverse and remand for further proceedings.
This case is a pleading and procedural morass. The unique pleading errors were particularly compounded by the trial court’s failure to enter written orders. The pleading and discovery stage errors contributed to the parties arriving for trial with unanswered affirmative defenses, with perhaps an oral ruling allowing the plaintiffs to file a reply thereto, and a motion for summary judgment the court had orally denied, but the appropriate order had never been entered. On the morning of trial, the final summary judgment was entered on a motion that had previously been orally denied and was not noticed for hearing.
The strict procedural requirements for summary judgment motions contained in Florida Rule of Civil Procedure 1.510 are designed to protect a litigant’s constitutional right to a trial on the merits of a particular claim. See Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997). As pointed out in Bifulco, “They are not merely procedural niceties nor technicalities.” 693 So.2d at 709. Clearly, the granting of a motion for summary judgment that was not properly noticed for hearing is reversible error, absent consent or waiver by the opposing party.
We reverse the final summary judgment and remand this case for further proceedings. Because of the procedural problems, we are compelled to provide specific directions to the parties to be followed on remand. Although the record is rich with discovery, this litigation involves inadequate and unresolved procedural and pleading concerns. Therefore, the parties shall be given an opportunity to finalize the pleadings, including pleading any appropriate affirmative defenses and replies. Thereafter, the case shall proceed in accordance with the Florida Rules of Civil Procedure.
Reversed and remanded with directions.
PATTERSON, A.C.J., and WHATLEY, J., concur.