KELLY, Judge.
Stephanie Nichols appeals from a final summary judgment in an action for legal malpractice against Monty Preiser. Because the record reflects a genuine issue of material fact, we reverse.
In her action against Preiser, Nichols alleges she retained Preiser in early 1996 to pursue a malpractice action against a dentist who had performed two surgeries on her, one in May of 1993 and the second in January of 1994. Nichols contends that because of Preiser’s negligence, her malpractice claims against the dentist were ultimately found to be barred by the statute of limitations. Preiser moved for summary judgment arguing that Nichols’ interrogatory answers established that the statute of limitations on her dental malpractice claims had expired before she retained Preiser. Nichols contends that summary judgment was not proper because there is a question of fact regarding when the statute of limitations began to run on her dental malpractice claims.
We agree with Nichols that a factual issue remains regarding when the statute *480 of limitations began to run on her claims. The record reflects that Nichols served interrogatory answers indicating that the statute of limitations began to run on each claim on the corresponding date of surgery. Shortly thereafter, Nichols served a second set of interrogatory answers indicating that the statute began to run in January 1996 when another doctor advised her the surgeries had been negligently performed. Preiser moved for summary judgment based on Nichols’ first interrogatory answers and asked the trial court to strike the second set of answers. The trial court denied Preiser’s motion to strike, and Preiser has not cross-appealed that ruling. Accordingly, the record contains conflicting statements from Nichols regarding when the statute of limitations began to run on her claims.
This does not end our inquiry, however, because the existence of a disputed issue of fact does not preclude summary judgment if the disputed fact is not material. See Fla. R. Civ. P. 1.510(c). Accordingly, we must consider whether in this case the date the statute of limitations began to run is material. To state a claim for legal malpractice, the plaintiff must have some valid claim that is compromised by the negligent actions or omissions of her attorney. Silvestrone v. Edell, 721 So.2d 1173 (Fla.1998). Accordingly, if Nichols’ dental malpractice claims were not compromised by Preiser’s actions regardless of when the statute of limitations began to run, then the issue of when the statute began to run is immaterial and will not preclude summary judgment.
As to the 1993 surgery, if the two-year statute of limitations[1] began to run on that claim in May 1993, Nichols’ claim would have been barred before she ever met with Preiser. If, on the other hand, the statute of limitations began to run in January 1996, Nichols’ claim would not have been barred until January 1998; however, her claim would have been extinguished by the statute of repose in May 1997. See § 95.11(4)(b), Fla. Stat. (2000). Nichols retained Preiser in early 1997, and in April 1997, he filed a notice of intent to sue as required by section 766.106, Florida Statutes (1997). The notice did not mention Nichols’ 1993 surgery, instead indicating only that it was Nichols’ intent to bring a claim as a result of the 1994 surgery.
When Preiser eventually filed suit on Nichols’ behalf in October 1997, he asserted claims based on the 1993 surgery, but those claims were dismissed for failure to comply with presuit screening requirements. By that time, more than four years had elapsed since the 1993 surgery, and the statute of repose precluded Nichols from trying to again assert those claims. Accordingly, the date the statute of limitations began to run on Nichols’ claim based on the 1993 surgery is material to the issue of whether she can state a claim against Preiser, and the summary judgment must be reversed as to that claim.
As to the 1994 claim, if the statute of limitations began to run in January 1994, Nichols’ claim would have been extinguished before she ever met with Preiser. If, however, it began to run in January 1996, Nichols’ claim was still viable when she first met with Preiser. Nichols alleged that when Preiser filed suit on her claim, he failed to allege any negligent *481 conduct or occurrence relating to the 1994 claim and that he failed to cure the defective complaint before the statute of limitations ran on her claim. Preiser argues that Nichols discharged him before the statute of limitations ran, and Nichols and the attorney that succeeded him had an opportunity to cure the defect before her claim was extinguished and failed to do so.
The problem with this argument is that Preiser failed to conclusively establish whether or when Nichols discharged him. To establish this fact, Preiser attached some letters to his motion for summary judgment. Simply attaching documents that are not sworn or certified to a motion for summary judgment does not satisfy the procedural requirements of Florida Rule of Civil Procedure 1.510(e). Bifulco v. State Farm, Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997). Because the documents Preiser relied on were not properly authenticated, the trial court could not properly consider them in deciding a motion for summary judgment. See Daeda v. Blue Cross & Blue Shield of Fla., Inc., 698 So.2d 617, 618 (Fla. 2d DCA 1997). Without that information, the trial court had no basis to conclude that Nichols’ claim was not compromised by Preiser’s actions.[2] Accordingly, the summary judgment as to the 1994 claim must also be reversed.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., concur.

. The applicable statute of limitations is contained in section 95.1 l(4)(b), Florida Statutes (2000), which requires that the claim be filed within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence. That section also provides that in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued.

. We have not considered whether Preiser's argument constitutes a meritorious defense to Nichols’ claim.