STEVENSON, J.
 

 Harlan Ginsberg went to the emergency room at Northwest Medical Center complaining of a sharp pain on his left side near his kidney. After Ginsberg was admitted, Dr. Weinstein, a urologist, informed Ginsberg that he would attempt to remove a kidney stone. Dr. Weinstein and Dr. Perelman performed surgery, ultimately removing Ginsberg’s left kidney. Ginsberg filed a complaint, alleging medical negligence on the part of the two urologists/surgeons and the vicarious liability of Northwest Medical, and their alleged employer, Uro-Medix, Inc. Ginsberg appeals the trial court’s order granting final summary judgment in favor of Northwest Medical. We reverse and remand because, in view of the totality of the circumstances, the signed hospital consent form indicating that the surgeons were independent contractors, standing alone, did not conclusively refute an apparent agency relationship.
 

 In its motion for summary judgment, Northwest Medical maintained that, prior to his surgery, Ginsberg had signed a consent form expressly negating any agency relationship between Northwest Medical and the independent contractor physicians. In pertinent part, the consent form stated: “I acknowledge and agree that the surgeon and physician associates are independent contractors and are not employees or agents of Northwest Medical Center and that Northwest Medical Center does not control the manner or methods by which such procedures are performed.” Persuaded by Northwest Medical’s argument, the trial court granted the motion for summary judgment and entered a final judgment in accordance therewith.
 

 Entry of summary judgment is proper “if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as
 
 would be
 
 
 *1252
 
 admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c) (emphasis added). In
 
 Bifulco v. State Farm Mutual Automobile Insurance Co.,
 
 693 So.2d 707 (Fla. 4th DCA 1997), this court reversed a final summary judgment in favor of State Farm, the defendant below, because State Farm had supported its motion for summary judgment by attaching various un-sworn and uncertified documents.
 
 Id.
 
 at 707-08. Without a proper foundation, State Farm could not introduce those documents as business records.
 
 Id.
 
 at 710-11. As an initial matter, in the instant case, the trial court erred in failing to require Northwest Medical to properly lay the predicate for the business records exception to hearsay before admitting the consent form into evidence. However, even if Northwest Medical can cure its hearsay problem, summary judgment premised on the consent form alone remains improper.
 

 An apparent agency relationship exists if three elements are present: (1) a representation by the purported principal, (2) a reliance on that representation by a third party, and (3) a change in position by the third party in reliance on the representation.
 
 Guadagno v. Lifemark Hosps. of Fla., Inc.,
 
 972 So.2d 214, 218 (Fla. 3d DCA 2007). In
 
 Guadagno,
 
 a widower appealed a final judgment entered in favor of the hospital pursuant to the trial court’s order granting the hospital’s motion for judgment notwithstanding the verdict.
 
 Id.
 
 at 216. The third district affirmed, explaining that the evidence at trial established the doctor was an independent contractor, and, genei’ally, a hospital may not be held liable for the negligence of independent contractor physicians to whom it grants staff privileges.
 
 Id.
 
 at 218. The third district noted that the hospital expressly disavowed an agency relationship and conveyed that information to the decedent in its admission forms that she signed.
 
 Id.
 
 In sum, none of the elements of an apparent
 
 agency
 
 relationship were established at trial.
 
 Id.
 

 Northwest Medical’s reliance on
 
 Guadagno
 
 is misplaced because the instant case involves a
 
 final summary judgment
 
 and not an order entered at trial after submission of all the evidence. Here, the consent form alone fails to quiet all genuine issues of material fact. At the summary judgment hearing, Ginsberg explained that when he signed the consent form, he was in pain, did not have his glasses, and had taken pain medication, rendering him unable to understand the form. “Tf the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.’ ”
 
 Fieldhouse v. Tam Inv. Co.,
 
 959 So.2d 1214, 1216 (Fla. 4th DCA) (quoting
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004)),
 
 review denied,
 
 969 So.2d 1018 (Fla.2007). Northwest Medical’s presentation of the consent form, at this juncture, did not conclusively refute Ginsberg’s allegations that Northwest Medical, by its actions, held the two doctors out as possessing the authority to act on its behalf and knowingly permitted the two doctors to hold themselves out as possessing the authority to act on its behalf. In
 
 Villazon v. Prudential Health Care Plan, Inc.,
 
 843 So.2d 842 (Fla.2003), our supreme court explained that it is not uncommon for parties to include conclusory statements in documents with regard to the independence of the relationship of the parties, and this may occur even where the totality of the circumstances reflects otherwise.
 
 Id.
 
 at 853-54 (quoting
 
 Cantor v. Cochran,
 
 184
 
 *1253
 
 So.2d 173, 174 (Fla.1966) (“While the obvious purpose to be accomplished by this document was to evince an independent contractor status, such status depends not on the statements of the parties but upon all the circumstances of their dealings with each other.”)).
 

 We reverse and remand to provide Northwest Medical with the opportunity to attach an affidavit laying the proper predicate for the business records exception. In addition, on remand, the parties may submit additional record evidence in support of the granting or denial of summary judgment under the apparent agency theory, and thereafter, the trial court may reevaluate whether genuine issues of material fact exist.
 

 Reversed and, remanded,.
 

 HAZOURI and LEVINE, JJ., concur.