DAMOORGIAN, J.
 

 Rosemont Farms Corporation appeals the trial court’s final summary judgment and order denying Rosemont’s motion for reconsideration and vacating of summary judgment. We reverse the summary jüdgment, making it unnecessary for us to review the order denying the motion for reconsideration.
 

 Rosemont Farms is a grower, packer, shipper, and marketer of perishable agricultural commodities in Florida. In 2006, Rosemont entered into an agreement with Blueberries, S.A. (“BSA”), a grower and exporter of blueberries in Argentina. Under the terms of this agreement, Rosemont would buy blueberries from BSA and resell them. The agreement further provided that Rosemont would pay for the products through Wallinbay, S.A., a Uruguayan company, which in turn would tender payment to BSA.
 

 While the agreement was still in effect, Rosemont erroneously wired $81,455.49 to Wallinbay on the BSA account. Rosemont intended to wire these funds as payment on its account with another supplier in Argentina. Rosemont attempted to recoup the funds, but was unable to do so. Finally, Rosemont filed a single-count complaint for conversion against BSA. Included with the complaint was the affidavit of Alex Torres, who was Rosemont’s controller. Torres’ affidavit set forth the following facts:
 

 1. On November 28, 2007, Rosemont wired $81,455.59 to BSA’s account at HSBC Republic International Bank in Miami, Florida.
 

 2. At the time of the payment, Rose-mont did not owe BSA money. The funds were sent by mistake.
 

 3. On December 5, 2007, Torres sent a letter to BSA’s president, Dr. Ulises Sabato, advising him of the error. A copy of the letter, which was identified as “Exhibit B,” was attached to the affidavit. The letter stated that BSA’s receipt of the funds had been confirmed by BSA’s controller, and that the controller had stated that he had prepared wire instructions to effectuate the return of the funds to Rosemont. As of the date of the letter, the funds had not been returned.
 

 In response to the complaint, BSA moved for summary judgment. In support of its motion, BSA provided affidavits from its officers, stating that it (a) had no ownership interest in, control over, or affiliation with Wallinbay and (b) had never received the wire transferred funds which Rosemont paid to Wallinbay on the BSA account. Rosemont responded that, even if BSA had not received the funds, Wallin-bay was BSA’s agent for purposes of the wire transfer. The trial court granted the motion and entered judgment in favor of BSA.
 

 We review the trial court’s decision to grant summary judgment de novo.
 
 Volusia Cnty. v. Aberdeen at Ormond
 
 Beach,
 
 *209
 

 L.P.,
 
 760 So.2d 126, 130 (Fla.2000). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.”
 
 Id.
 
 (citing
 
 Menendez v. Palms W. Condo. Ass’n,
 
 736 So.2d 58, 60 (Fla. 1st DCA 1999)).
 

 On appeal, Rosemont argues that the statement made by Torres in his affidavit created a genuine issue of material fact as to whether BSA received the funds. BSA counters that Torres’ affidavit is insufficient because Torres did not state in the body of the affidavit that BSA actually received the funds. Moreover, BSA argues, attaching a copy of Torres’ letter to BSA’s president confirming the conversation between Torres and BSA’s controller is insufficient to create a factual dispute as to whether BSA received the excess funds.
 

 The issue here is whether attaching Torres’ letter to his affidavit satisfies the requirements of Florida’s summary judgment rule, Florida Rule of Civil Procedure 1.510. If it does, then we are satisfied that Rosemont created a disputed issue of material fact as to BSA’s possession of the erroneous payment. In order to resolve this issue, we turn to rule 1.510(e), which provides:
 

 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
 

 Fla. R. Civ. P. 1.510(e).
 

 In
 
 Mack v. Commercial Indus. Park, Inc.,
 
 541 So.2d 800, 800 (Fla. 4th DCA 1989), the defendant moved for summary judgment. In support of its motion, the defendant attached to its motion, as exhibits, contracts allegedly establishing the lack of material facts.
 
 Id.
 
 In reversing the trial court’s summary judgment, we noted that
 

 [t]he problem with these exhibits was that, prior to their appearance in the motion, they were not on file, not even mentioned in the pleadings and never alluded to in any depositions or interrogatories .... In addition, the exhibits were not accompanied by an affidavit in support of the motion which might have authenticated them and caused them to be properly filed under Florida Rule of Civil Procedure 1.510(e).
 

 Id.
 

 We have the opposite situation in this case. Attached to Torres’ affidavit in opposition to the motion for summary judgment was Torres’ letter in which he confirms that BSA’s controller acknowledged BSA’s receipt of the funds as well as BSA’s intention to return the funds. Moreover, Torres authenticated the letter when he stated under oath that he prepared and sent the attached letter to BSA’s president. When viewed together, the affidavit and attached letter created a genuine issue of material fact regarding BSA’s receipt and possession of the funds. Accordingly, the trial court erred in granting summary judgment in favor of BSA.
 
 See Bifulco v. State Farm Mut. Auto. Ins. Co.,
 
 693 So.2d 707, 709-10 (Fla. 4th DCA 1997).
 

 We reverse and remand this case to the trial court for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 MAY and GERBER, JJ., concur.