GERBER, J.
 

 We reverse the circuit court’s summary final judgment in the defendants’ favor in this negligence case involving a two-vehicle crash resulting in one driver’s death. The defendants did not meet their burden of showing the absence of any genuine issue of material fact regarding the defendant FedEx driver’s alleged lack of negligence.
 

 The crash occurred at an intersection a few days after Hurricane Wilma struck Palm Beach County. Due to the hurricane, the intersection’s traffic lights were inoperative. In such a situation, Florida law requires motorists to treat the intersection as a four-way stop.
 
 See
 
 § 316.1235, Fla. Stat. (2005) (“The driver of a vehicle approaching an intersection in which the traffic lights are inoperative shall stop in the manner indicated in s. 316.123(2) for approaching a stop intersection.”); § 316.123(2)(b), Fla. Stat. (2005) (“At a four-way stop intersection, the driver of the first vehicle to stop at the intersection shall be the first to proceed.”). The local municipality also had placed stop signs facing all four directions of the intersection as a substitute traffic control device.
 

 On the day in question, the defendant FedEx driver was stopped at the intersection facing west. She intended to make a left turn to head south. At her deposition, she described how she proceeded forward:
 

 I keep looking left, you know, and I glanced to the right because there was no one there, but I glanced to the left and keep looking left until I’m inching slowly forward, forward and I don’t see anything. But when I first initially would come off the line, you look left, right, left[,] make sure there’s no pedestrians, bicycles, whatever. There was no one there you could see. So, as far as I’m going into the lane, I constantly look mostly left with my eyes scanning back and forth.
 

 The FedEx driver later described the first time she saw the decedent’s car, which entered the intersection from her left:
 

 A. ... When my eyes started going right ... in the corner of my eye I see a flash, white ...
 

 Q. So you saw the white car out of your peripheral vision on your left? A. Yes.
 

 Q. Split second before impact?
 

 A. Split second. That was it, split second. Don’t know where she came from.
 

 A northbound driver who was approaching the intersection was deposed. He testified as to what he saw:
 

 I saw the FedEx truck sitting at the four-way stop and [the decedent’s] car came blowing past me.... I looked down at my speedometer and I was speeding. I was doing about 42, and it’s a 35 mile an hour [zone]. And I looked up at [the decedent] and I said, wow,
 
 *662
 
 she’s really going fast. And ... when I was coming up before [the decedent] passed me I saw the FedEx truck at the intersection. [The FedEx driver] started to pull out in the right of way because there was no traffic on that side and there was none here. She started to pull out and I just, I was on the phone ■with my girlfriend. I said, oh, my God, honey, [the decedent’s] driving straight through the stop signs. She never hit the brakes, nothing. The car hit the FedEx truck so hard that the whole rear end of the car came up off the ground....
 

 A southbound driver who was stopped at the intersection also was deposed. He testified that when he stopped at the intersection, he looked ahead and saw that the FedEx truck “was next in line to go, and so ... I was looking straight at the driver.” He then testified that he saw the FedEx driver look
 

 right, left,
 
 and then she looked down, and then she looked right again and straight ahead, and went to move forward.
 
 There were no cars coming. And she moved out into the intersection and then [the decedent’s] car came flying into the intersection and barely had time to put her brakes on, hit the FedEx truck.
 

 (emphasis added). When asked for more detail about the FedEx driver looking down before moving forward, the southbound driver testified:
 

 She wasn’t looking at the dashboard. She was looking between the seats. She looked down at something. I don’t know what she was looking at but I could see her head moved down like that, some brief preoccupation.
 

 The southbound driver added that the FedEx driver looked down for approximately two to three seconds, and never looked left again before the crash occurred.
 

 The FedEx driver testified that there is a communications unit bolted onto the engine compartment in the truck’s center “down lower.” She also testified that she kept on her hip a handheld computer pad for getting addresses and signatures for deliveries. However, she testified that she did not look down at the communications unit or the computer pad in between looking left and entering the intersection.
 

 The decedent’s estate filed a negligence action against the FedEx driver and against FedEx for vicarious liability. The defendants’ answer alleged, among other affirmative defenses, that the decedent was negligent and that she failed to follow the applicable traffic laws.
 

 The defendants later moved for summary judgment alleging that the evidence “unequivocally demonstrate^] that: (1) the accident occurred in a four-way-stop intersection; (2) the accident occurred while [the FedEx driver] had the right-of-way; (3) the ... decedent failed to stop at the stop sign governing her direction of travel; (4) [the] decedent was speeding ...; and (5) [the FedEx driver was] not a contributory cause of the accident as a matter of law.”
 

 The estate responded that the FedEx driver’s testimony of having “looked right and left” before proceeding through the intersection
 

 is the primary fact which [the estate] believes is inaccurate based on witness testimony of [the southbound driver]. The disagreement on this particular fact creates a material fact issue, which thus precludes Summary Judgment....
 

 ... Based on the eyewitness testimony of [the southbound driver] ..., [the FedEx driver] after looking left looked to her right and then was distracted for approximately three seconds when she was looking down in between her seats. She then looked up and forward and
 
 *663
 
 then to the right again, but never looking to her left. Therefore, several seconds elapsed since she had last looked left. Obviously, traffic conditions would have changed over the several seconds before she entered into this dangerous intersection....
 

 The estate then relied on its accident reconstructionist’s deposition testimony that, viewing the facts as the southbound driver described, the FedEx driver was a contributing cause to the accident “because she did not make certain that northbound traffic was clear prior to proceeding into the intersection as she was looking down prior to pulling out and did not look left.” According to the accident reconstructionist’s calculations, the FedEx driver had a clear view of northbound traffic for 300 to 400 feet, and the decedent’s car would have been visible 131 feet away at two seconds before the crash.
 

 After hearing argument, the circuit court entered a summary final judgment in the defendants’ favor.
 

 This appeal followed. The parties’ arguments basically mirror those which they raised in the circuit court. We review a circuit court’s decision to grant summary judgment de novo.
 
 Rosemont Farms Corp. v. Blueberries, S.A.,
 
 48 So.3d 207, 208 (Fla. 4th DCA 2010).
 

 As our supreme court stated in
 
 Moore v. Morris,
 
 475 So.2d 666 (Fla.1985):
 

 The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
 

 If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by [the jury].
 

 Id.
 
 at 668 (internal citations omitted).
 

 We find that the defendants did not show conclusively the absence of any genuine issue of material fact regarding the FedEx driver’s alleged lack of negligence. The FedEx driver testified that she did not look down between looking left and entering the intersection, while the southbound driver testified that she looked down for two to three seconds and then failed to look left again before entering the intersection. Whether the FedEx driver looked down and then failed to look left again is material because, if that occurred, then the two to three seconds of delay may have been sufficient for her to see the decedent speeding towards the intersection in the northbound lanes. Thus, a jury could determine that, even though the FedEx driver had the right-of-way, her alleged failure to look left again before entering the intersection was negligence, and that such negligence was a legal cause of the decedent’s death.
 
 See
 
 § 316.123(2)(a), Fla. Stat. (2005) (“After having stopped [at a stop sign], the driver shall yield the right-of-way to any vehicle which has entered the intersection from another highway
 
 or which is approaching so closely on said highway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection.”); see also Gordon’s Tractor Serv., Inc. v. Bilello,
 
 336 So.2d 1208, 1209 (Fla. 2d DCA 1976) (“The true rule is that even though another has violated his right of way, the favored driver must still take such reasonable steps as are available to him to avoid the collision.”).
 

 The defendants argue there is no evidence that the decedent constituted an
 
 *664
 
 immediate hazard at the time the FedEx driver entered the intersection, and that the estate’s alleged issue of material fact is based upon an impermissible stacking of inferences. For the reasons described in the previous paragraph, we summarily reject those arguments based on the direct evidence which the southbound driver provided at his deposition.
 

 The defendants further argue that they should be absolved from liability as a matter of law because a driver is entitled to assume that others will obey the traffic laws and will stop at a stop sign. However, the primary case upon which the defendants rely for that proposition,
 
 MacNeill v. Neal,
 
 258 So.2d 268 (Fla. 2d DCA 1971), actually demonstrates that, despite such assumptions, a driver still must exercise reasonable care before entering an intersection.
 

 MacNeill
 
 involved a collision at an intersection with a traffic light. The defendant’s car ran a red light and struck the plaintiffs vehicle. The trial court directed a verdict on the issue of liability in favor of the plaintiff. The defendant appealed, contending that the issue of whether the plaintiff was contributorily negligent was a question for the jury. The second district affirmed, reasoning:
 

 A motorist about to enter an intersection with the traffic signal in his favor has the right of way. He also has a right- to assume others will obey the law and exercise due care to avoid an accident.
 
 However, even though he has a .favorable light he must exercise reasonable care to determine that there is no impending traffic which would impede safe passage through the intersection. He has not exercised reasonable care once he knows or should have known that another motorist is going to run a red light and he has a clear opportunity to avoid the collision.
 
 Therefore, the issue in this case is whether or not there is any evidence, directly or inferentially, to suggest that the [plaintiff] did not exercise reasonable care in entering the intersection.
 

 The evidence is quite clear ... that the [plaintiff], prior to entry into the intersection, looked to his left and was only able to see one car which was stopped waiting for the signal to change, and that there was nothing to alert the [plaintiff] that the [defendant] was about to enter the intersection against the red light.
 

 It would appear from this evidence that the [plaintiff] exercised reasonable care in entering the intersection and that the lower court properly directed a verdict in favor of [the plaintiff] on the question of liability.
 

 253 So.2d at 264 (internal citations omitted; emphasis added).
 

 Here, in contrast, the southbound driver’s testimony indicates that the FedEx driver did not look to her left in the last two to three seconds before entering the intersection. Further, the accident recon-structionist’s testimony indicates that, if the FedEx driver had looked to her left in those last two to three seconds, then the decedent’s car would have been in plain view to alert the FedEx driver that the decedent was about to run the stop sign. Thus, it would appear from the evidence in this case that a genuine issue of material fact remains as to whether the FedEx driver exercised reasonable care before entering the intersection. As such, the summary final judgment must be reversed.
 

 Reversed.
 

 WARNER and STEVENSON, JJ., concur.