PER CURIAM.
We affirm the trial court’s final judgment terminating the father’s parental rights to his children, as the trial court’s findings are supported by competent substantial evidence. See In re Baby E.A.W., 658 So.2d 961, 967 (Fla.1995).
As to the father’s claim that his constitutional right to free association with the mother was infringed, his contact with the mother was a factor in the trial court’s decision to terminate rights. The mother’s rights had also been terminated, and the court had determined that she remained a danger to the children. Despite this, the father remained in contact with the mother and indicated that he would continue to involve the mother in the children’s lives. The trial court did not violate the father’s constitutional rights. The right to free *879 association in personal relationships, which includes a parent’s right to the care and upbringing of his child, is not absolute, and infringements may be justified by a compelling state interest in the protection of children. See D.D. v. Dep’t of Children & Families, 849 So.2d 478 (Fla. 4th DCA 2003) (state has compelling interest in protection of children and does not violate that test when it interferes with father’s fundamental right to parent child through the exercise of its authority under Chapter 39, Florida Statutes).

Affirmed.

WARNER, Conner, JJ., and LEVENSON, JEFFREY R., Associate Judge, concur.