DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BEACHES MRI,** a/a/o Eileen Thibodeaux,
Appellant,

v.

**SAFECO INSURANCE COMPANY OF ILLINOIS,**
Appellee.

No. 4D2023-0800

[June 5, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO-21-015301.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

Rebecca Delaney and Scott W. Dutton of Dutton Law Group, PA, Tampa, for appellee.

KLINGENSMITH, C.J.

Beaches MRI appeals the trial court's order granting summary judgment in favor of Safeco Insurance Company of Illinois and its entry of final judgment. We reverse because the trial court granted Safeco's motion for summary judgment even though the motion was filed in violation of Florida Rule of Civil Procedure 1.510(b)'s requirement that the motion and evidence be filed at least 40 days before the hearing.

"A ruling on a motion for summary judgment is subject to de novo review." *Tucker v. LNV Corp.*, 363 So. 3d 1095, 1097 (Fla. 4th DCA 2023) (quoting *Fla. Bar v. Greene*, 926 So. 2d 1195, 1200 (Fla. 2006)).

Rule 1.510 entitled "Summary Judgment" provides in part:

> **(b) Time to File a Motion.** A party may move for summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. *The movant must*

> *serve the motion for summary judgment at least 40 days before the time fixed for the hearing.*

Fla. R. Civ. P. 1.510(b) (emphasis added).  Under the rule, not only must the summary judgment motion be filed within the applicable timeframe, the movant's supporting factual positions must also be filed at least 40 days before the scheduled summary judgment hearing.  *See* Fla. R. Civ. P. 1.510(b), 1.510(c)(5) ("At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision [(c)(1)] above."); *see also Tucker*, 363 So. 3d at 1098 ("The new summary judgment rule also requires the summary judgment movant to file its motion and supporting factual position at least 40 days prior to hearing on the motion.") (citing Fla. R. Civ. P. 1.510(b)).

The summary judgment hearing on Safeco's motion was conducted on February 22, 2023.  However, Safeco's motion for summary judgment was e-filed one week before on February 15, 2023, and had a certificate of service of that same date.[1]  Safeco's affidavit and supporting evidence for summary judgment were subsequently e-filed on February 21, 2023—one day before the hearing—and also had a certificate of service with that date.

This court has recognized that the time requirement set forth in procedural rules shall be followed "in all but extraordinary circumstances."  *Coastal Caribbean Corp. v. Rawlings*, 361 So. 2d 719, 720-21 (Fla. 4th DCA 1978) (citing *Cook v. Navy Point, Inc.*, 88 So. 2d 532, 534 (Fla. 1956)).  Here, Safeco does not argue any extraordinary circumstance invoking an exception to the time requirement.  Instead, Safeco argues that Beaches MRI suffered no prejudice by being unable to adequately prepare for the hearing despite noncompliance with the procedural safeguards of rule 1.510.  However, lack of prejudice is not an issue when rule 1.510's procedural requirements were met.  The court in *Coastal Caribbean Corp.* squarely addressed why prejudice is irrelevant in applying rule 1.510's then-existing 20-day time requirement for filing supporting evidence:

---

[1] Safeco's counsel argued that "we actually did try to file it" and that she had an e-filing number to show that the motion and affidavit were e-filed but never "hit the docket."  Counsel followed up by asking the court "to just waive the timely requirement."  The trial court accepted counsel's representations and allowed the hearing to go forward.  However, other than counsel's averment, nothing in the record demonstrates that Safeco complied with the rule's procedural time requirements.  *See Kunsman v. Wall*, 125 So. 3d 868, 870 (Fla. 4th DCA 2013) ("'[A]rgument of counsel does not constitute evidence.'") (quoting *Romeo v. Romeo*, 907 So. 2d 1279, 1284 (Fla. 2d DCA 2005)).

We concede that an affidavit in support of a motion for summary judgment . . . will normally contain matter that opposing counsel can hardly claim surprise at. On the other hand, he may be basing his resistance to it, on the very absence of an affidavit and might, if he had known the affidavit was forthcoming, have taken other measures. The granting of a summary judgment is a drastic and sudden conclusion to a lawsuit. It is for this very reason that 20 days notice, of this kind of hearing, is required. We cannot but conclude that any affidavits with which the moving party plans to buttress his summary claim should likewise be presented within the 20 day period, unless a cogent reason for not doing so, is presented.

*Id.* at 721; *see State Farm Mut. Auto. Ins. Co. v. Advanced X-Ray Analysis, Inc.*, 368 So. 3d 1049, 1051 (Fla. 3d DCA 2023) ("These rules [of civil procedure] are not advisory and are meant to provide time limits to raise arguments and present evidence to prevent gamesmanship, unfair surprise and prejudice.").

For those reasons, this cause is reversed, but without prejudice to refile the motion for summary judgment in accordance with rule 1.510. *See Coastal Caribbean Corp.*, 361 So. 2d at 721.

*Reversed.*

WARNER and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***